# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2876

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    District of Minnesota. |
| Julie Crystal Fronk, | * |
| | * |
| Appellant. | * |

———————

Submitted: May 14, 2010
Filed: June 1, 2010

———————

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

Julie Crystal Fronk pleaded guilty to one count of obtaining a controlled substance by fraud, in violation of 21 U.S.C. § 843(a)(3) and (d)(1). Fronk appeals from her twelve-month sentence, arguing that the district court[1] erred in denying her an offense-level reduction for acceptance of responsibility and that her sentence is unreasonable. We affirm.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

I.

From March 2002 to July 2008, Fronk worked for Best Care Home Health (Best Care) in Minneapolis, first as a registered nurse and eventually as the assistant director of nursing. Fronk's duties included dispensing medication to clients. In May 2008, Best Care discovered that its clients' controlled substance prescriptions were being refilled prematurely. In July 2008, a client reported that Fronk had taken some of her vicodin. Fronk admitted to Amanda Jackson, the director of nursing, that she had taken the vicodin. She further admitted to taking morphine and dilaudid from other clients. Fronk was terminated and later completed inpatient treatment for alcoholism.

Fronk entered into a plea agreement with the government, wherein she reserved the right to contest two offense-level enhancements that the government sought to apply: abuse of a position of trust pursuant to United States Sentencing Guidelines Manual (U.S.S.G.) § 3B1.3, and vulnerable victims pursuant to § 3A1.1. The government agreed to recommend a two-level reduction for acceptance of responsibility, which was conditioned upon Fronk's refraining from acts inconsistent with her acceptance of responsibility. The district court accepted Fronk's guilty plea and allowed her to be released until sentencing. Fronk violated a condition of her release by attempting to obtain refills of a vicodin prescription when none had been authorized. Following her violation, Fronk was detained until sentencing.

Fronk suffers from a number of medical conditions, including fibromyalgia, degenerative disc disease, and depression, and she takes numerous prescription medications. Before sentencing, Fronk submitted a letter in which she wrote, "it is not that I lied about my numerous physical problems, I just needed a little more medication than I had which lead [sic] to my violation." At sentencing, the district court conducted an evidentiary hearing to resolve the disputed enhancements. Nursing director Jackson testified regarding Fronk's duties, Best Care's clients, and

the harm that Fronk's conduct had caused to clients. The district court applied the abuse of a position of trust and vulnerable victims enhancements and denied the acceptance of responsibility reduction because of Fronk's post-plea attempted criminal conduct and the content of her letter to the court. The court concluded that the letter "does not indicate in any fashion any kind of acceptance" and that "[s]he has entirely not recognized her own situation and, as a result, ought not to be afforded the two points for acceptance." After calculating Fronk's advisory guidelines range to be ten to sixteen months' imprisonment, the district court sentenced Fronk as set forth above.

II.

A.

Fronk contends that the district court clearly erred by denying her the acceptance of responsibility reduction, arguing that the district court misconstrued her letter and that the violation of her release could not serve as a proper basis for the district court to deny the reduction. It was Fronk's burden to demonstrate that she was entitled to the reduction. See United States v. Arellano, 291 F.3d 1032, 1034 (8th Cir. 2002). We review for clear error the district court's factual determination that Fronk had not demonstrated acceptance of responsibility. United States v. Winters, 416 F.3d 856, 860 (8th Cir. 2005).

A sentencing court may grant an offense-level reduction if "the defendant clearly demonstrates acceptance responsibility for his offense." U.S.S.G. § 3E1.1(a). A guilty plea does not entitle a defendant to a reduction as a matter of right. Id. cmt. n.3. A court may consider whether the defendant has withdrawn from "criminal conduct" in determining whether to grant the reduction. Id. cmt. n.1(b). Even minor and unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate. United States v. Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997); see also Arellano, 291 F.3d at 1035. The district court was entitled to consider Fronk's post-

plea attempted procurement of unauthorized medications and the content of her letter in determining whether she had clearly demonstrated acceptance of responsibility. The district court did not clearly err in finding that Fronk failed to demonstrate acceptance of responsibility.

B.

Fronk argues that her sentence is substantively unreasonable because it was greater than necessary to promote the goals set forth in 18 U.S.C. § 3553(a). She contends that the district court failed to properly weigh the § 3553(a) factors because it gave no weight to the fact that Fronk did not have a criminal history, largely ignored Fronk's medical conditions, and disregarded the letters of support. We review a sentence for reasonableness in light of the § 3553(a) factors and reverse only if the district court abused its discretion. United States v. Roberson, 517 F.3d 990, 993 (8th Cir. 2008). On appeal, we may presume a sentence within the properly calculated guidelines range is reasonable. See Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Linderman, 587 F.3d 896, 901 (8th Cir. 2009). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008); see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Fronk's arguments are belied by the record, which reveals that the district court was aware of, and considered, her lack of a criminal history, her medical conditions, the letters of support, and the § 3553(a) sentencing goals. Fronk personally drew the court's attention to her lack of criminal history. The district court explicitly mentioned Fronk's medical conditions: "I am sympathetic for the disabilities and the discomforts that you have suffered yourself." The court acknowledged that it had received letters from a number of Fronk's friends and that it had taken those letters

into consideration. Fronk has failed to demonstrate that the court considered an erroneous factor, placed too much emphasis on a proper factor, or committed a clear error of judgement in weighing those factors. Accordingly, the district court did not abuse its discretion in sentencing Fronk as it did.

## III.

The sentence is affirmed.

_____