# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2388

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Thomas Jensen, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: February 15, 2011
Filed:  May 11, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Thomas Jensen pleaded guilty to one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c).  As part of a plea agreement, the government and Jensen moved for a hearing pursuant to 18 U.S.C. § 4244(a) to determine if Jensen suffered from a mental disease or defect and should be provisionally sentenced to a suitable treatment facility in lieu of incarceration.  See 18 U.S.C. § 4244(d).  The district court denied the motion, interpreting § 4244 as involving issues of competency.  The district court also denied a motion to reconsider as to this same issue.

On appeal, Jensen argues the district court's application of 18 U.S.C. § 4241 competency standards comprised error. The government joins Jensen's argument urging remand for a § 4244(a) hearing, and the issue is fully preserved for our review. Because § 4244 involves mental-health issues separate from questions of competency and because § 4244 serves purposes independent from the competency provisions of § 4241, we agree with the parties, reverse the judgment of the district court, and remand for further proceedings. Given our disposition of this issue, we do not address other sentencing-related issues Jensen raises on appeal.

I.

While on supervised release following a term of incarceration for assaulting a federal officer, Jensen sent threatening communications to his former attorney. His supervised release was revoked, and he completed an additional term of incarceration. While incarcerated and following his release, he sent additional threatening communications to his former attorney and former probation officer. The communications not only included threats towards these victims, but reflected efforts to discover information about the victims' families and suggested Jensen was not a stable person.

After the government brought the current charges against Jensen, defense and government mental-health professionals examined Jensen and proffered reports concerning his mental status at the time of the offense, his competency for standing trial or entering a plea, and his general mental-health diagnoses. His diagnoses were mixed, with some professionals diagnosing him as suffering from multiple identifiable conditions, including schizophrenia, and others diagnosing him as suffering from other illnesses that could not be determined. All of the mental-health professionals (a psychiatrist, a neuropsychologist, and a psychologist), however, concluded he suffered from multiple and layered impairments caused by a range of factors including

a genetic predisposition towards mental illness, severe closed-head trauma, learning disabilities, and permanent effects from long-term substance abuse.

The government's own expert stated unequivocally that the Bureau of Prisons would not adequately address Jensen's mental-health needs. The government expert recommended Jensen be placed specifically in the "Level IV" federal mental-health treatment facility in Springfield, Missouri. All of the experts agreed that Jensen suffered from a mental illness and required treatment rather than incarceration. The Assistant United States Attorney and defense counsel agreed.

Initially, Jensen's mental health was the focus of a motion to suppress certain evidence and statements. Jensen alleged specifically that he had not knowingly and voluntarily waived his Miranda[1] rights and had been unable to comply peacefully with a search warrant. Shortly before trial, a magistrate judge rejected the motions to suppress. Jensen and the government entered into the plea agreement eleven days later, and Jensen did not object to the magistrate judge's ruling. In the agreement, the government stated that it would request a § 4244(a) hearing regarding the need for treatment in lieu of incarceration.

After Jensen entered his plea, the parties moved for a mental-illness evidentiary hearing pursuant to 18 U.S.C. § 4244(a), which provides:

> § 4244. Hospitalization of a convicted person suffering from mental disease or defect
>
> (a) Motion to determine present mental condition of convicted defendant.--A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court *shall* grant the motion, or at any time prior to the sentencing of the defendant shall order such a hearing on its own motion, if it is of the opinion that there is *reasonable cause to believe* that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

(Emphasis added).

The materials provided to the district court with the joint motion for the § 4244(a) hearing, including the experts' reports, contained "substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." Id. We believe the record strongly suggests there was "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." Id. Further, the district court expressly noted that Jensen suffered mental "impairments." As such, the statute on its face required the court to order a hearing in this situation. Id. (stating that upon a showing of reasonable cause, "[t]he court s*hall* grant the motion") (emphasis added).

The district court denied the motion for a § 4244(a) hearing, referring to the mental health question at issue as one of competency and referring to the requested hearing as a competency hearing. The parties correctly argued that § 4244 does not involve questions of competency. Ultimately, in its written order, the court cited § 4244 and stated that it did not believe treatment in lieu of incarceration was justified. In making this ruling, however, the court again characterized the mental-health issue as competency. Notwithstanding the court's reference to § 4244, we are left with the

-4-

firm conviction that characterization of the mental health issue as one of competency resulted in error. We write further because we believe the history of §§ 4241 and 4244 contributed to this error.

Prior to the Insanity Defense Reform Act of 1984, Pub. L. 98-473, 98 Stat. 2057 (1984), the United States Code, in fact, contained competency provisions at 18 U.S.C. § 4244. The 1984 legislation, however, reworked and rearranged several provisions addressing various mental-health issues at different stages of prosecution or incarceration. In particular, competency provisions are now found in § 4241 whereas § 4244 addresses the altogether different situation where a party, competent to enter a plea or stand trial, nevertheless may be in need of mental-health treatment that would make commitment to a mental-health facility more appropriate than incarceration. The current statutory regime establishes separate standards for these distinct situations and requires a greater and more specific showing to establish a lack of competency pursuant to § 4241 than to trigger the procedures and provisional sentencing option of § 4244. See United States v. Abou-Kassem, 78 F.3d 161, 165 (5th Cir. 1996) ("The standard under section 4241 asks more and is significantly more onerous than the relevant test under section 4244.").[2] Accordingly, it is consistent with the statutory regime to seek a hearing in good faith pursuant to § 4244(a) even

_____

[2]See also United States v. Roberts, 915 F.2d 889, 891–92 (4th Cir. 1990), providing:

> Those defendants subject to §§ 4244, 4245 and 4241 (which refers to persons incompetent to stand trial) are not similarly situated. Section 4241 applies to defendants found to be mentally *incompetent* to stand trial. Section 4244 applies to competent persons found to be suffering from a mental disease prior to sentencing, and section 4245 applies to competent persons found to be mentally ill, while serving their sentences. Clearly those statutes apply to different types of mentally ill patients who cannot be lumped together into a group consisting of people with mental problems facing federal prosecution.

though the separate question of competency pursuant to § 4241 may not have presented a close issue in a particular case.

If a court grants a hearing pursuant to the current § 4244(a), and if the court finds by a preponderance of the evidence at the hearing that the defendant is suffering from "a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility," the court is to impose a "provisional sentence . . . to the maximum term authorized by law for the offense for which the defendant was found guilty." § 4244(d). If, at a later date, the director of a facility to which a defendant is provisionally sentenced certifies that the defendant no longer suffers from the mental disease or defect, then the defendant may proceed to final sentencing. § 4244(e). Through this framework, the current version of § 4244 helps to meet several governmental interests that are distinct from questions of competency, namely, "the governmental interests in: (1) protecting mentally ill prisoners who might be at substantial risk if placed in the general prison population; (2) ensuring the safety of other inmates; and (3) providing humanitarian treatment for mentally ill inmates." Abou-Kassem, 78 F.3d at 165.

Here, the parties properly presented the non-competency issues of mental disease or defect and the potential need for a provisional sentence. The record suggests the presence of mental diseases or defects from multiple causes or aggravators, including traumatic brain injury. As required by § 4244(a), we believe there is "reasonable cause to believe" Jensen may be in need of care or treatment. Accordingly, a hearing is required to assess the propriety of a provisional sentence. We remand for a § 4244(a) hearing and emphasize that the hearing is to determine the need for a provisional sentence and not to determine whether the defendant presently is competent or was competent at the time of his plea.[3]

---

[3]Pending is a motion by Jensen to supplement oral argument to clarify comments regarding the need for a hearing given the current record. Our review of the law and the current record show that a hearing is required. We do not believe,

In doing so, we vacate Jensen's current sentence. If the court on remand determines it is appropriate to impose a provisional sentence, any traditional criminal sentencing will occur if, and only if, Jensen is deemed to have recovered from his mental diseases or defects while there remains time not served within the statutory maximum term of punishment. To the extent the court on remand determines a provisional sentence is not appropriate, Jensen will need to be resentenced because evidence bearing on his mental disease or defect is material to several issues that must be addressed at sentencing. In particular, we note that the issue of acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and the characteristics of the defendant and other factors pursuant to 18 U.S.C. § 3553(a) may turn, to a large degree, on evidence contained in the reports of the mental-health professionals.[4]

For the foregoing reasons, we reverse the sentence and remand for further proceedings consistent with this opinion.

—————————————————

however, that the present record is sufficient to permit final determination of the need for treatment in lieu of or prior to incarceration. It is for the district court, in the first instance, to hear the evidence at the § 4244(a) hearing and determine, apart from any questions of competency, the need for treatment in lieu of or prior to incarceration. Given our resolution of this matter, we deny the pending motion as moot.

[4] Regarding acceptance of responsibility, we note it is undisputed that Jensen suffers from multiple mental-health impairments, he admitted his crimes shortly after being indicted, and, by our review, he asserted no frivolous positions throughout the protracted history of this matter. It also appears that determinations made in the process of arriving at the original sentence in this case may have been influenced at least in part by the view that Jensen's mental-health arguments involved meritless claims regarding competency.