# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 10-2330/2331

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Russel Lee Singletary, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2011
Filed: June 9, 2011

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In these consolidated criminal cases, Russel Lee Singletary appeals from the sentences the District Court[1] imposed. We affirm.

In December 2009, Singletary pleaded guilty to one count of armed bank robbery and one count of brandishing a firearm during a crime of violence. At the time, Singletary was on supervised release in the Southern District of Iowa on a prior federal bank-robbery conviction. In March 2010, the Southern District of Iowa

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

transferred jurisdiction of Singletary's supervised release to the Western District of Missouri. The government then moved for revocation of that supervised release. In May 2010, the District Court sentenced Singletary to 120 months in prison on the robbery charge, a mandatory and consecutive 84-month sentence on the brandishing charge, and a consecutive sentence of 36 months after revoking supervised release in the Iowa case. The court varied upward from the U.S. Sentencing Guidelines advisory ranges in imposing both the robbery and the revocation sentences. Those ranges were 46 to 57 months for the robbery conviction and 24 to 30 months for the revocation. On appeal, Singletary challenges the upward variance in these two sentences.

Singletary "concedes" that the District Court committed no procedural sentencing error, and he argues that the sentences are substantively unreasonable. Br. of Appellant at 14. He nevertheless goes on to contend "that the district judge's explanation was insufficient in this case." Id. at 16. This is an allegation of procedural error. See Gall v. United States, 552 U.S. 38, 51 (2007) (noting that procedural error includes "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range"). Singletary did not complain to the court at sentencing about the adequacy of its explanation, so we review only for plain error. See United States v. Smith, 573 F.3d 639, 659 (8th Cir. 2009). We will not reverse unless Singletary proves that a plain error affected his substantial rights such that there is "a reasonable probability that he would have received a lighter sentence but for the error." United States v. Molnar, 590 F.3d 912, 915 (8th Cir. 2010).

The District Court noted very specific reasons for the upward variances:

I have varied upward in this matter because . . . I don't think your Criminal History Category IV adequately represents your criminal background. And I think you have demonstrated that really there is no hope here. . . . I do [this] because I really am genuinely concerned about

-2-

the community, and I just don't have any expectation that you are going to be able to control your behavior in the future.

Revocation & Sentencing Tr. at 15. We hold that the District Court committed no error here, much less plain error. We have reviewed the sentencing transcript and the presentence investigation report (PSR), and we conclude that the court articulated sufficient justification for the variances. An extensive criminal history and concern for public safety are legitimate sentencing factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3553(a)(1), (2)(C). Moreover, Singletary was on supervised release from a bank-robbery conviction when he committed the instant bank-robbery offense. See United States v. Washington, 515 F.3d 861, 867 (8th Cir.) (affirming an upward variance where the defendant committed a bank robbery while on supervised release from a prior bank-robbery conviction), cert. denied, 553 U.S. 1061 (2008). And we have repeatedly said that while all of the factors should be considered by the sentencing court, it is not necessary that the court recite each one. See, e.g., United States v. Rutherford, 599 F.3d 817, 822 (8th Cir.), cert. denied, 131 S. Ct. 349 (2010). There is no indication in the record that the District Court failed to take into account all of the § 3553(a) factors simply because it focused on two of them.

Further, any challenge to the substantive reasonableness of the sentences also fails, as we cannot say that the District Court abused its discretion in sentencing Singletary. See Gall, 552 U.S. at 51 (standard of review). While the variances from the advisory Guidelines ranges were significant, especially on the robbery conviction, the court had before it Singletary's PSR detailing his extensive history of criminal behavior, which suggested to the court that a lengthy prison term was required to protect the public. See United States v. Jones, 612 F.3d 1040, 1046 (8th Cir. 2010).

We affirm the sentences imposed by the District Court.

_____