**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4465**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GARY CHARLES SMITH,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.  Thomas D. Schroeder, District Judge.  (1:09-cr-00371-TDS-1; 1:10-cr-00302-TDS-1)

_____

Submitted:  January 31, 2012      Decided:  February 9, 2012

_____

Before GREGORY, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

George E. Crump, III, Rockingham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Charles Smith appeals his conviction for access device fraud and one of his convictions for aggravated identity theft, and the 222-month sentence imposed by the district court following guilty pleas to three counts of bank fraud in violation of 18 U.S.C. § 1344(1) (2006), six counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (2006), money laundering in violation of 18 U.S.C. § 1956(a)(1) (2006), access device fraud in violation of 18 U.S.C. § 1029(a)(2) (2006), and social security fraud in violation of 42 U.S.C. § 408(a)(6) (2006). On appeal, Smith contends that the district court erred by not committing him to a suitable facility for mental health treatment in lieu of sentencing him to imprisonment, pursuant to 18 U.S.C. § 4244(d) (2006). Smith also asserts several challenges to his sentence and two of his convictions. We affirm.

Under 18 U.S.C. § 4244(d), a defendant with a mental disease or defect may receive a provisional sentence and be committed for treatment prior to his final sentencing and incarceration. Commitment under § 4244(d) occurs if, after a hearing on the defendant's current mental condition, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed

2

to a suitable facility for care or treatment." 18 U.S.C. § 4244(d). In making this determination, the district court is required to find both a mental disorder "and that the defendant should be hospitalized in lieu of imprisonment." United States v. Buker, 902 F.2d 769, 770 (9th Cir. 1990). A district court's determination as to a defendant's mental condition is a finding of fact that we review for clear error. United States v. Prescott, 920 F.2d 139, 146 (2d Cir. 1990). We review for abuse of discretion a district court's finding that a defendant should not be committed to a mental health facility in lieu of imprisonment. See United States v. General, 278 F.3d 389, 397 (4th Cir. 2002) (reviewing for abuse of discretion a district court's determination concerning a defendant's competency to be sentenced under 18 U.S.C. § 4244).

Having reviewed the record, we conclude that the district court did not abuse its discretion in ruling that, assuming Smith suffered from a mental disease or defect, important governmental interests would not be served by his commitment under the statute. See United States v. Jensen, 639 F.3d 802, 805-06 (8th Cir. 2011). Therefore, this claim entitles Smith to no relief.

Next, Smith asserts several challenges to his sentence. We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States,

3

552 U.S. 38, 46, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the Guidelines range or failing to consider the § 3553(a) factors. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). In determining whether a district court has properly applied a particular Guidelines provision, we review its factual findings for clear error and its legal conclusions de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).

Smith first challenges the district court's imposition of a two-level increase in his offense level under U.S. Sentencing Guidelines Manual ("USSG") § 2S1.1(b)(3) (2010), based on its finding that he was engaged in sophisticated money laundering. Under USSG § 2S1.1(b)(3), a two-level enhancement in the defendant's offense level is warranted if the defendant is convicted of violating 18 U.S.C. § 1956 and the offense involved sophisticated money laundering. The commentary to USSG § 2S1.1 defines sophisticated laundering as "complex or intricate offense conduct pertaining to the execution or concealment of the 18 U.S.C. § 1956 offense," that "typically involves the use of" fictitious entities, shell corporations, or layering of transactions. USSG § 2S1.1, cmt. n.5(A). After

4

reviewing the record, we conclude that the district court did not err in finding that Smith was engaged in sophisticated money laundering, warranting the two-level increase.

Smith next contends that the district court erred in imposing the two-level vulnerable victim enhancement under USSG § 3A1.1(b)(1), because there was no evidence to show that he actually knew that his victims, incarcerated inmates, were unusually vulnerable. The increase is warranted "[i]f the defendant knew or should have known that the victim of the offense was a vulnerable victim." USSG § 3A1.1(b)(1). In making this determination, the district court must find that a victim was unusually vulnerable, and assess whether the defendant knew or should have known of such vulnerability. United States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010). After reviewing the record, we conclude that the district court did not err in imposing this enhancement.

Next, Smith challenges the district court's imposition of six consecutive twenty-four-month sentences for his multiple § 1028A convictions. Smith argues that his underlying fraud offenses were grouped under USSG § 3D1.2, and the district court procedurally erred by failing to explain its reasons for imposing six consecutive sentences for his multiple § 1028A convictions when the Guidelines recommended that these sentence run concurrently.

5

Under 18 U.S.C. § 1028A, if a defendant wrongfully uses the identity of another person during and in relation to a bank or social security fraud, a sentencing court is required to impose a twenty-four-month sentence consecutive to the sentence imposed for the underlying fraud. See 18 U.S.C. § 1028A(a)(1), (b)(2). In cases where a defendant has been convicted of multiple counts under 18 U.S.C. § 1028A(a)(1), a court, in its discretion, can run each of the twenty-four-month sentences concurrently with one another, in whole or in part. 18 U.S.C. § 1028A(b)(4). In exercising its discretion to impose consecutive or concurrent sentences for multiple convictions under § 1028A, the court must consider a non-exhaustive list of factors that includes the nature and gravity of the underlying offenses, whether those offenses are groupable under USSG § 3D1.2, and whether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved with consecutive or concurrent sentences. See USSG § 5G1.2 cmt. n.2(B). The sentencing court must adequately explain its decision to impose consecutive sentences pursuant to § 1028A. See United States v. Dvorak, 617 F.3d 1017, 1029 (8th Cir. 2010).

After reviewing the record, we find that the district court properly noted that Smith's underlying fraud offenses were grouped under USSG § 3D1.2, but in a proper exercise of its discretion, found that the purposes of sentencing set forth in

6

18 U.S.C. § 3553(a)(2) were better achieved by imposing consecutive sentences. We conclude that the district court thoroughly considered those factors in making its determination, and the resulting sentence is not substantively unreasonable.

Smith claims that the district court plainly erred in failing to dismiss, on its own motion, one of the counts of access device fraud and one count of aggravated identity theft to which he pled guilty because the evidence offered at sentencing showed that the Government could not prove the elements of the crimes. We note that, in making this argument, Smith does not challenge the voluntariness of his guilty plea.

"When a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) (internal quotation marks omitted). We find that because Smith's guilty plea to the crimes was both counseled and voluntary, he cannot now challenge his conviction based on his contention that the evidence at sentencing failed to prove the elements of those crimes. Thus, we conclude that Smith is not entitled to relief.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED