# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1344

_____

United States of America

*Plaintiff - Appellee*

v.

John Wesley Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2012
Filed: December 11, 2012

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

John Wesley Jones pled guilty to interference with interstate commerce through robbery by threats or violence in violation of 18 U.S.C. §§ 2 and 1951(a); brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and escape from federal custody in violation of 18 U.S.C. § 751(a). The district

court[1] initially determined Jones qualified for the career offender enhancement and sentenced him to 384 months imprisonment, which was within the advisory guideline range. After an error in Jones's criminal history was discovered on appeal, the government conceded Jones did not qualify for the career offender enhancement, and we remanded the case for re-sentencing. The district court again imposed a sentence of 384 months imprisonment, which, without the career offender enhancement, represents an upward variance of 90 months from the advisory guideline range. Jones appeals his sentence, arguing the district court abused its discretion in imposing the same sentence on remand even though the career offender enhancement no longer applied. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Jones's convictions stem from his armed robbery of ATM Solutions, Inc., a company that supplies funds and collects deposits for banking institutions in the St. Louis, Missouri, area. On August 2, 2010, Jones and three co-conspirators rushed two ATM Solutions guards, took their guns, forced them at gunpoint to unlock the ATM Solutions vault, and then stole approximately $6 million in cash. Police apprehended Jones the next day after he nearly crashed into an unmarked police car while transporting $1.4 million of the stolen money and then attempted to flee the scene. After being indicted and detained, Jones escaped from federal custody, but authorities apprehended him two days later. He eventually pled guilty to four offenses related to the armed robbery and escape.

On May 12, 2011, the district court held a sentencing hearing. After confirming neither party had any objections to the Presentence Investigation Report ("PSR"), the court adopted its factual findings. The PSR identified Jones as a career

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

offender due to multiple previous convictions involving robbery, burglary, and assault. See United States Sentencing Commission, Guidelines Manual, §4B1.1. The court calculated the advisory guideline range to be 346 to 411 months and determined the appropriate sentence was 384 months imprisonment. In reaching this number, the court commented on the seriousness of Jones's crimes, the fact that he previously committed crimes involving violence and firearms, and the fact that he committed many of his crimes while on probation or parole for other offenses.

Jones appealed his sentence, arguing he was not a career offender because some of his previous convictions should have been counted as a single offense since there was no intervening arrest and he was sentenced on the same day. After investigating Jones's assertion, the government conceded Jones did not qualify for the career offender enhancement, and we remanded the case for re-sentencing. United States v. Jones, No. 11-2144 (8th Cir. Dec. 19, 2011).

The district court held a new sentencing hearing on February 2, 2012. Without the career offender enhancement, the district court calculated the advisory guideline range to be 264 to 294 months imprisonment. The court commented that "the only difference between the sentencing today and the sentencing last May is that you don't meet the 'career offender' designation under the guidelines." The court noted that "[t]he nature and circumstances and the seriousness of the crimes that you committed are the same today as they were in May of 2011," that Jones "exhibited a persistence in criminal activity," that his "prior crimes have included firearms possession and use as well as escaping from custody," and "that the prior sentences of imprisonment that you've received—and even one as long as 20 years—haven't done anything to deter you from criminal conduct." The court determined the earlier sentence of 384 months imprisonment still "was appropriate to address the goals of punishment, deterrence, and incapacitation, after taking into account your history and characteristic[s] as well as the nature and circumstances of the offense." The court again sentenced Jones to 384 months imprisonment, and he filed the instant appeal.

II.

"We review a district court's sentence for abuse of discretion." United States v. David, 682 F.3d 1074, 1076 (8th Cir. 2012). First, we must determine whether the district court committed any significant procedural error. Id. Second, "we review the substantive reasonableness of the sentence, considering the totality of the circumstances." Id. at 1077. Jones does not argue the district court committed procedural error. Thus, we consider only whether his sentence of 384 months imprisonment, a 90-month upward variance from the advisory guidelines range, is substantively unreasonable. We give great deference to the district court, and "it will be the unusual case when we reverse a district court sentence as substantively unreasonable." Id.

Jones first argues the district court abused its discretion by imposing the same sentence on remand, even though his advisory guideline range was lower due to the absence of the career offender enhancement. However, the fact that a district court imposes the same sentence on remand despite a change in the advisory guideline range does not, by itself, make the sentence substantively unreasonable. See United States v. Braggs, 511 F.3d 808, 811-13 (8th Cir. 2008) (upholding imposition of same sentence on remand, even though original sentence was reversed due to erroneous application of two-level sentencing enhancement); cf. United States v. Evans, 314 F.3d 329, 330-31 (8th Cir. 2002) (upholding imposition of same sentence on remand, even though original sentence involved Ex Post Facto Clause violation since it was based on increases to statutory maximums passed after commission of offenses).

Jones next argues the upward variance makes his sentence substantively unreasonable because it places his penalty on par with defendants to whom he is not similar. "[T]he district court is prohibited from presuming that the Guidelines range is reasonable" and instead "must 'make an individualized assessment based on the facts presented.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en

-4-

banc) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).  The district court may vary from the guidelines as long as it "'consider[s] the extent of the deviation and ensure[s] that the justification is sufficiently compelling to support the degree of the variance.'"  Id. (quoting Gall, 552 U.S. at 50).  An upward variance may be warranted where the defendant has demonstrated a "'contemptuous disregard' for the law" or "where a defendant repeats his or her criminal conduct shortly after completing punishment for a previous offense."  David, 682 F.3d at 1077; see also Braggs, 511 F.3d at 811-13 (upholding upward variance when district court explained defendant's pattern of criminal behavior indicated she would not be deterred by guideline sentence).  "Although we may consider the extent of the district court's variance, we give due deference to the court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance."  David, 682 F.3d at 1077.

Here, the record shows the district court imposed Jones's sentence based on its careful evaluation of the section 3553(a) factors.  At both the May 2011 and February 2012 sentencing hearings, the district court expressed grave concern about the seriousness of Jones's offenses and the fact that he committed similar offenses in the past.  At the February 2012 hearing, the court also noted that a previous sentence of 20 years imprisonment had not been enough to deter Jones from continuing to commit serious, violent offenses.  In fact, according to Jones's PSR, he committed the instant offenses while still on parole under that earlier 20-year sentence.  "[A] sentencing court has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence."  Id.  We believe the district court's justifications for Jones's sentence "rest largely on the kind of defendant-specific determinations that are within the special competence of sentencing courts."  United States v. Foy, 617 F.3d 1029, 1038 (8th Cir. 2010) (internal quotation marks omitted).  Accordingly, we hold the district court did not abuse its discretion in sentencing Jones to 384 months imprisonment.

III.

For the reasons explained above, we affirm.

_____