# United States Court of Appeals
## For the Eighth Circuit

_____

Nos. 13-3651/13-3652

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Jackie Jensen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western Division

_____

Submitted: November 11, 2014
Filed: November 17, 2014
[Unpublished]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Thomas Jackie Jensen admitted violating a condition of two terms of supervised release. The district court[1] revoked his supervised release and sentenced

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

him to 36 months' imprisonment. Jensen appeals, challenging the reasonableness of the sentence. He claims the court undervalued mitigating factors—especially his mental health needs—and overvalued his offense characteristics and history. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Both terms of supervised release began on August 23, 2013. By September 3, Jensen had threatened several staffers at his residential community corrections center. Jensen was terminated from the center, in violation of his supervised release.

For revocation of the two terms of supervised release, the Guidelines range was 9 to 21 months' imprisonment  The court varied upward, imposing consecutive sentences of 12 and 24 months. The court  analyzed the 18 U.S.C. § 3553(a) sentencing factors. It noted that Jensen's threats to staffers were "very much like the past offense conduct." (Jensen previously pled guilty to assaulting a federal officer and mailing a threatening communication.[2]) The court was "concerned about Mr. Jensen acting out . . . [and] carrying out something that he's talking about." The court noted its duty "to protect the public from further crimes of the defendant, and that is, frankly, given the seriousness of what he threatens, that is an overriding consideration." *See* 18 U.S.C. § 3553(a)(2)(C). The court added:

> It is also, under part D, the need to provide the defendant with needed medical care or other correctional treatment in the most effective manner. And if Mr. Jensen goes out in the population on supervised release, the Court is not at all confident that that would take place. So that's a consideration for departing upward. But the biggest one is to protect the public from further crimes of the defendant. That's an overriding consideration. And the Court is departing upward for those reasons.

---

[2]*See United States v. Jensen*, 423 F.3d 851 (8th Cir. 2005); *United States v. Jensen*, 639 F.3d 802 (8th Cir. 2011).

*See* 18 U.S.C. § 3553(a)(2)(D).

This court reviews the substantive reasonableness of a sentence for violation of supervised release "under the same reasonableness standard that applies to initial sentencing proceedings." *United States v. Benton*, 627 F.3d 1051, 1055 (8th Cir. 2010) (internal quotation marks and citation omitted). This court reviews for abuse of discretion a sentence's substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion and imposes an unreasonable sentence when it . . . considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Fronk*, 606 F.3d 452, 454 (8th Cir. 2010). A district court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

"The district court may vary from the guidelines as long as it considers the extent of the deviation and ensures that the justification is sufficiently compelling to support the degree of the variance." *United States v. Jones*, 701 F.3d 327, 329, 330, 331 (8th Cir. 2012) (internal quotation marks and citation omitted) (affirming upward variance, noting the district court's "grave concern about the seriousness of [defendant's] offenses and the fact that [defendant had] committed similar offenses in the past"). "Although we may consider the extent of the district court's variance, we give due deference to the court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 330 (citation omitted).

The district court did not abuse its discretion in its review of the § 3553(a) factors, by emphasizing the need to protect the public from Jensen, or in its consideration of his mental health needs. *See Bridges*, 569 F.3d at 379. *See also*

*United States v. Jones*, 612 F.3d 1040, 1045, 1046 (8th Cir. 2010) (affirming upward variance where defendant's crime "was heinous and called for a lengthy sentence . . . in part because of his criminal history, which suggests that incarceration is necessary to protect the public"); *United States v. Braggs*, 511 F.3d 808, 811, 813 (8th Cir. 2008) (affirming upward variance where the district court "did not believe . . . that the sentencing objectives of punishment and deterrence and the protection of the public from further crimes by the defendant would be met by a sentence within the guideline range"); *United States v. Singletary*, 421 Fed. Appx. 657, 658, 659 (8th Cir. 2011) (unpublished) (affirming upward variance, as the court "had before it [defendant's] PSR detailing his extensive history of criminal behavior, which suggested to the court that a lengthy prison term was required to protect the public").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____