# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3631
_____

United States of America

*Plaintiff - Appellee*

v.

Walter Davis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 18, 2023
Filed: November 6, 2023
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

In December 2022, the district court[1] sentenced Walter Davis to 240 months of imprisonment, followed by five years of supervised release, after he pled guilty to attempted distribution of a controlled substance analogue, possession of a

_____

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

controlled substance with intent to distribute, and two counts of unlawful possession of a gun as a felon. Davis argues on appeal that the sentence is substantively unreasonable. We affirm.

Our review of the sentence is for abuse of discretion. *See United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). In reviewing for substantive reasonableness, we typically give "great deference to the district court." *United States v. Jones*, 701 F.3d 327, 330 (8th Cir. 2012).

Contrary to Davis's argument, the district court properly considered and weighed his mitigating factors when it imposed a below-range sentence.[2] The district court recognized Davis "witnessed violence as a child," was "impacted by gang activity," and "directly experienced violence," including gunshot wounds. The district court also acknowledged the "many" letters of support it received on Davis's behalf, describing Davis as "caring and thoughtful" and "a person who goes out of his way to help others." The district court weighed these facts against the circumstances of this case: (1) Davis knew "firsthand" the addictive nature of the drugs he distributed; (2) Davis heightened the severity of his offense by possessing firearms; and (3) Davis's "four convictions in this case" brought his total number of felonies to fourteen. The district court concluded that "a significant punishment is

---

[2]Davis also argued the sentence was substantively unreasonable because he had no "bad, evil, or predatory motive in committing the crimes." Davis claims he lacked ill intent because he was motivated "solely for financial benefit and to have money for him and his family." Davis fails to explain how his desire to obtain money by selling drugs distinguishes him from other drug traffickers. Instead, what distinguishes Davis from other criminals is the fact that he targeted prisoners as buyers, which is far from exculpatory.

warranted to promote respect for the law, to deter [Davis] from committing crimes in the future, and importantly, to protect the public."

We have repeatedly emphasized that a "district court's 'choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the wide latitude given to individual district court judges in weighing relevant factors.'" *United States v. Wilcox*, 666 F.3d 1154, 1157 (8th Cir. 2012) (cleaned up) (quoting *United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011)). *See also, e.g.*, *United States v. Dunn*, 928 F.3d 688, 694 (8th Cir. 2019). "After all, 'the sentencing judge is in the best position to find facts and judge their import under § 3553(a) in the individual case.'" *Wilcox*, 666 F.3d at 1157–58 (cleaned up) (quoting *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010)).

We affirm.

_____