# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3193

———————

United States of America,            \*

                       \*

        Appellee,           \*

                       \*   Appeal from the United States

    v.                   \*   District Court for the

                       \*   Western District of Missouri.

Kirby G. David,              \*

                       \*

        Appellant.        \*

———————

Submitted: April 20, 2012
Filed: July 3, 2012

———————

Before LOKEN and SHEPHERD, Circuit Judges, and GERRARD,[1] District Judge.

———————

GERRARD, District Judge.

      Kirby David pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[2] sentenced David to 72 months' imprisonment. David appeals his sentence. We affirm.

———————

    [1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

    [2]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

I

David was charged with a single count of being a felon in possession of a firearm in violation of § 922(g)(1). David pled guilty pursuant to a plea agreement, admitting that he had possessed and sold a .17 caliber rifle and a 12 gauge shotgun to an undercover ATF agent. David also admitted to previous convictions for burglary and stealing in 1985, first degree tampering with utilities in 1989, stealing in 1997, and possession of a firearm by a felon in violation of § 922(g)(1) in 2004. On the previous felon in possession conviction,[3] David had been sentenced to 63 months' custody and 3 years' supervised release; his supervised release was revoked on August 20, 2009, and he was sentenced to 14 months' custody with no supervision to follow. David was arrested and charged in the present case in January 2011.

A violation of § 922(g)(1) is punishable by, among other things, 10 years' imprisonment. 18 U.S.C. § 924(a)(2). The presentence investigation report found the total offense level under the Sentencing Guidelines to be 15, suggesting a sentencing range of 30 to 37 months' custody. But at sentencing, David conceded a four-level enhancement for possession of a firearm in connection with another felony offense, and in return the government agreed not to oppose a sentence at the lower end of the resulting Guidelines range, which was 46 to 57 months. The district court, however, noting David's record, found that 57 months was not enough. The court said that, "as I look at your criminal history, it looks like there's a chance that when you get out, there's a likelihood you're going to commit further crimes." And, the court explained,

---

[3] Although the plea agreement said that the conviction was for being a felon in possession of a firearm, the presentence investigation report clarified that the conviction was actually for being a felon in possession of ammunition. The parties make no issue of this, and we do not find it to be significant.

It's hard to imagine that you got 63 months on a felon in possession of ammunition, and we come back here in 2011 with a new offense where you're trafficking in guns wide open, and you're going to get less time than that. I struggle with giving you less time than that. I don't see how I can do that, frankly, because it's like the more crime you commit, the less – less punishment you get. I think that it needs to be a greater – greater amount of time than the 63 months. And I've thought very much about this.

That's not the only thing I've considered. I've told you about all the [18 U.S.C. § 3553(a)] factors. But at this time, I will tell you that I am going to do what's called an upward variance, where I'm going to give you a higher punishment than the guidelines suggest.

Based on that reasoning, the court imposed a sentence of 72 months' custody, followed by 3 years' supervised release. David appeals.

II

The sole argument David presents on appeal is that the district court's sentence was substantively unreasonable. We review a district court's sentence for abuse of discretion. United States v. Bryant, 606 F.3d 912, 918 (8th Cir. 2010). Under this standard, we initially review a sentence for significant procedural error and then, if necessary, for substantive reasonableness. Id. Procedural errors include such things as improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. See United States v. Nissen, 666 F.3d 486, 490 (8th Cir. 2012); Bryant, 606 F.3d at 918. If the decision is procedurally sound, we review the substantive reasonableness of the sentence, considering the totality of the circumstances. Bryant, 606 F.3d at 920-21. Although we may consider the extent of the district court's variance, we give due deference to the court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. Ferguson v. United States, 623 F.3d 627, 631 (8th Cir. 2010).

-3-

An abuse of discretion occurs where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. United States v. Lozoya, 623 F.3d 624, 627 (8th Cir. 2010); Bryant, 606 F.3d at 921. We review with great deference the reasonableness of a sentence for abuse of discretion, and it will be the unusual case when we reverse a district court sentence as substantively unreasonable. United States v. Elodio-Benitez, 672 F.3d 584, 586 (8th Cir. 2012); United States v. Mejia-Perez, 635 F.3d 351, 353 (8th Cir. 2011).

In this case, David does not argue that procedural error occurred. So, we need only consider whether the district court's upward variance was an abuse of the court's discretion. David contends that it was, because according to David, the court gave undue weight to the sentence imposed for David's previous felony conviction. And, David notes, the fact of his previous conviction was already taken into account in calculating the advisory Guidelines range.

But a sentencing court has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence. See Elodio-Benitez, 672 F.3d at 586; Lozoya, 623 F.3d at 627. And those factors require the court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant;" and the need for the sentence imposed to "promote respect for the law," "afford adequate deterrence to criminal conduct[,]" and "protect the public from further crimes of the defendant[.]" See § 3553(a)(2). When those factors in particular are considered, it is apparent that the court did not abuse its discretion in "demonstrat[ing] with an upward departure or variance that contemptuous disregard" for the law can have serious consequences. See Mejia-Perez, 635 F.3d at 353. It is, in fact, well understood that an upward variance may be warranted where a defendant repeats his

-4-

or her criminal conduct shortly after completing punishment for a previous offense. See, e.g., id.; United States v. Washington, 515 F.3d 861, 867 (8th Cir. 2008).

The variance here was substantial. But, although we may consider the extent of the variance, the Supreme Court has specifically rejected using the percentage of a departure or variance as the standard for determining the strength of the justifications required for a specific sentence. Ferguson, 623 F.3d at 631 (citing Gall v. United States, 552 U.S. 38, 51 (2007)). And while David's previous convictions also formed part of the basis for his advisory Guidelines range, factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance. United States v. Chase, 560 F.3d 828, 831 (8th Cir. 2009). In this case, the district court did not abuse its discretion in considering David's previous sentence as a "benchmark" for finding the punishment that is apparently necessary to deter David from repeating his criminal behavior. David's argument to the contrary is without merit.

III

For the foregoing reasons, we affirm.

_____