# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1253
_____

United States of America

*Plaintiff - Appellee*

v.

Dominic A. Rimmer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2013
Filed: December 23, 2013
[Unpublished]

_____

Before SHEPHERD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

After Dominic Rimmer pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), the District Court[1] sentenced him to sixty

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

months' imprisonment, a fourteen-month upward variance from the top of Rimmer's advisory U.S. Sentencing Guidelines range. Rimmer appeals, and we affirm.

Rimmer argues that his sentence is substantively unreasonable because the court gave undue weight to certain 18 U.S.C. § 3553(a) factors and too little weight to other factors, resulting in a sentence that was greater than necessary to satisfy the statutory goals of sentencing. Applying a deferential abuse-of-discretion standard, see United States v. David, 682 F.3d 1074, 1076 (8th Cir. 2012), we disagree.

"[A] sentencing court has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence." Id. at 1077. At the sentencing hearing before the District Court, defense counsel cited Rimmer's youth, his single-parent upbringing, his educational goals, and the fact that Rimmer had not previously served significant jail time as mitigating factors weighing in favor of a below-Guidelines-range sentence. The record reveals that the District Court considered counsels' arguments, the PSR, and the advisory Guidelines sentencing recommendation; articulated the specific § 3553(a) factors that informed its sentencing decision; and imposed what it determined was an appropriate sentence. The court specifically noted that Rimmer, at age twenty, had three prior felony convictions; that he repeatedly refused to conform his behavior to the law despite prior leniency from state courts; that the felon-in-possession offense was serious; and that Rimmer posed a continuing threat to the community. The court did not impose an unreasonable sentence or abuse its discretion simply because the court's analysis of the facts and the § 3553(a) factors differs from that proposed by Rimmer. See United States v. Mangum, 625 F.3d 466, 469 (8th Cir. 2010) (noting that an upward-variance sentence is reasonable where the court makes an individualized assessment of 18 U.S.C. § 3553(a) factors based on facts presented and considers defendant's proffered mitigating information).

We conclude that the District Court properly considered the sentencing factors and that the sentence is not unreasonable, and we affirm the judgment of the District Court.

_____