# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2672

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth O. Randolph

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 7, 2015
Filed: January 15, 2015
[Unpublished]

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Kenneth Randolph directly appeals after imposition of sentence by the district court[1] upon his guilty plea to being a felon in possession of a firearm. Counsel has

_____

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence imposed on Randolph, which represents a variance above the calculated Guidelines range, is unreasonable. In a supplemental brief, Randolph challenges the voluntariness of his plea, argues that he received ineffective assistance of counsel, and contends that the court failed to properly consider the 18 U.S.C. § 3553(a) factors in sentencing him. For the reasons discussed below, each of these arguments is unavailing.

First, Randolph's challenge to the voluntariness of his guilty plea is not cognizable in this direct appeal, because he did not move to withdraw his plea below. <u>See</u> <u>United States v. Umanzor</u>, 617 F.3d 1053, 1060 (8th Cir. 2010) (defendant may not challenge voluntariness of guilty plea for first time on direct appeal if he did not move to withdraw plea in district court). Second, his ineffective-assistance claims are more properly raised in proceedings under 28 U.S.C. § 2255, and we decline to consider those claims in this appeal. <u>See</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872-73 (8th Cir. 2007) (ineffective-assistance claims are ordinarily deferred to § 2255 proceedings).

Third, after careful review, <u>see</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate review of sentencing decision), we conclude that the sentence is not unreasonable. The district court's comments reflect an individualized assessment of multiple section 3553(a) factors; and in carefully explaining its decision to vary upward, the court commented on, among other things, Randolph's recidivism, his poor history on supervised release following a prior federal felon-in-possession sentence, and his substance-abuse issues, as well as the need to protect the public and effectively deter future criminal conduct. <u>See</u> <u>United States v. Magnum</u>, 625 F.3d 466, 469-70 (8th Cir. 2010) (where district court sufficiently explains sentencing decision, appellate court must give due deference to court's decision that § 3553(a) factors justify extent of upward variance; upward variance is reasonable where court makes individualized assessment of § 3553(a)

factors); <u>cf.</u> <u>United States v. David</u>, 682 F.3d 1074, 1077-78 (8th Cir. 2012) (upward variance may be warranted where defendant repeats criminal conduct shortly after completing punishment for previous offense).

Finally, having independently reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we grant counsel's motion to withdraw.  The judgment is affirmed.

_____