# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2026

_____

United States of America

*Plaintiff - Appellee*

v.

Ronnie B. Brim

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 12, 2015
Filed: March 18, 2015
[Unpublished]

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ronnie Brim appeals the district court's[1] sentence of 70 months' imprisonment, which the court imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a). We affirm.

## I. *Background*

Brim, while attending a trade school, attempted to enter the school with a gun in his backpack. Upon discovery, Brim fled from the scene. Brim hid in his girlfriend's apartment and directed his girlfriend to lie about his whereabouts to law enforcement officers when they came to her apartment to look for him. When Brim observed a police surveillance team outside of his girlfriend's apartment, he made two emergency calls to 911 from his cell phone falsely reporting shootings nearby in an effort to get the surveillance team to leave their post and investigate the phony shootings. Police eventually arrested Brim when his girlfriend revealed his presence to law enforcement and allowed them to search her apartment.

At Brim's sentencing hearing, the court considered the instant offense but also took into account the extensive family support that Brim had, noting the many people that were in the courtroom to support Brim in person and the many letters submitted on his behalf. However, the court also placed much weight on Brim's extensive criminal history, which included the serious offense of assaulting a police officer. At the time of the hearing, Brim was still serving a parole sentence for that assault. The presentence investigation report calculated Brim's Guidelines range to be 46 to 57 months. In announcing its sentence, the court varied upward to 70 months because the court determined that "the guidelines don't adequately capture this behavior . . . with all your criminal history."

---

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

## II. *Discussion*

Brim's sole argument on appeal is that his sentence is substantively unreasonable because the court gave too much weight to his criminal history and not enough weight to mitigating factors such as his family support and his efforts to get an education. We review the reasonableness of a district court's sentence for abuse of discretion. *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012). District courts are permitted to "assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Thus, "[j]ust because we 'might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" *United States v. Boneshirt*, 662 F.3d 509, 517 (8th Cir. 2011) (quoting *Gall*, 552 U.S. at 51). This makes it an "unusual case when [the Eighth Circuit] reverse[s] a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (quotation omitted).

Here, the district court considered the relevant factors contained in 18 U.S.C. § 3553(a) and acted within its discretion when assigning the factors their due weight. On the instant record, the district court's assignment of more weight to Brim's extensive criminal history—while noting the nature of his previous offenses—did not constitute an abuse of discretion. Brim's sentence is not out of line with sentences received by other defendants for similar offenses where the sentencing court considered the defendant's extensive criminal history, the need to protect the public from the defendant, and the need to provide adequate deterrence to the defendant. *See, e.g.*, *David*, 682 F.3d at 1077 (upholding a 72-month sentence for felon in possession of a firearm that was an upward variance from the Guidelines range of 46 to 57 months); *United States v. Gasaway*, 684 F.3d 804, 806–07 (8th Cir. 2012) (upholding a 65-month sentence for felon in possession of a firearm that was an upward variance from the Guidelines range of 27 to 33 months); *United States v. Mangum*, 625 F.3d 466, 470–71 (8th Cir. 2010) (upholding an 84-month sentence for

felon in possession of a firearm that was an upward variance from the Guidelines range of 57 to 71 months).

### III. *Conclusion*

After careful review, the judgment is affirmed.

_____