# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3548

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth L. Irby

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 15, 2016
Filed: August 1, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

PER CURIAM.

Kenneth L. Irby pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals from the 120-month sentence imposed by the district court.[1] We affirm.

On March 13, 2014, Irby was riding in a truck when law enforcement officers tried to initiate a traffic stop. The officers had reason to believe that the owner of the truck was engaged in the trafficking of a drug known as bath salts. Officers observed Irby push the driver out of the driver's side door of the truck. Irby then led the officers on a high-speed chase, during which he fired a .12-gauge shotgun several times in the direction of the officers' vehicle, one round of which struck the hood of the squad car. Irby drove the truck in excess of seventy miles per hour through a residential area, crossing several residents' yards. He caused the truck to become airborne on at least three occasions, and recklessly sped through at least thirteen intersections. Eventually, Irby crashed the truck into a fence and escaped on foot, leaving the shotgun in the truck, along with three shell casings.

Early the following morning, officers learned that Irby was armed with a handgun and hiding in the crawl space under a friend's home. Officers obtained a search warrant for the home and eventually retrieved Irby and the handgun. Investigators later obtained a photograph taken earlier that month, which depicted Irby holding the shotgun that he had used during the high-speed chase.

Irby was charged with three counts of being a felon in possession of a firearm. He entered into a plea agreement under which he pleaded guilty to one of the possession counts, and the government moved to dismiss the remaining counts. The district court accepted Irby's guilty plea and dismissed the remaining counts.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

The presentence investigation report (PSR) calculated a base offense level of 14 and recommended a 4-level increase for using the firearm in connection with assaulting a law enforcement officer, U.S. Sentencing Guidelines Manual (U.S.S.G. or Guidelines) § 2K2.1(b)(6)(B), and a 2-level increase for obstruction of justice, § 3C1.2. The PSR also recommended a 3-level decrease to reflect Irby's acceptance of responsibility, § 3E1.1(a)-(b), which resulted in a total offense level of 17.

The PSR calculated a criminal history category of VI. Irby's criminal history included convictions for possession of a controlled substance and stealing a car in 1995; first-degree tampering (unlawfully operating a vehicle without the owner's consent) and escape from custody in 1997; resisting arrest in 2004 and again in 2006; and domestic assault, third-degree assault with physical injury, property damage, robbery, and burglary in 2008. The PSR calculated a criminal history score of 23, which was 10 points above the score necessary to place Irby in the highest category.

With a total offense level of 17 and a criminal history category of VI, the PSR recommended an advisory sentencing range of 51 to 63 months' imprisonment. The government recommended an upward variance to 108 months' imprisonment to reflect the dangerousness of Irby's behavior while fleeing from the police and his extensive criminal history. Irby requested a sentence at the top of the Guidelines range.

The district court varied upward, imposing a 120-month sentence, which was the maximum term permitted under 18 U.S.C. § 924(a)(2). In explaining its reasons for the sentence, the district court noted that Irby's criminal history constituted "one of the worst records" it had ever seen. It recounted Irby's above-described offenses and explained that "it's not just the number of convictions," but "[i]t's the kind of convictions that are on your record, you know, a lot of violent type offenses." It also noted that the circumstances of Irby's present crime supported an upward variance because he had shot at police officers to facilitate his escape and "recklessly created

a substantial risk of death or serious bodily injury to others" by driving at high speeds through a residential neighborhood. The district court concluded that "[f]or those reasons[,] I think that you deserve a higher sentence than what the guidelines provide."

Irby argues that the district court procedurally erred and that the sentence imposed was substantively unreasonable. We review the sentence imposed by the district court for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court commits procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). A district court imposes a substantively unreasonable sentence "when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Nossan, 647 F.3d 822, 825 (8th Cir. 2011) (quoting United States v. Mousseau, 517 F.3d 1044, 1048-49 (8th Cir. 2008)).

Irby contends that the district court procedurally erred because it did not explain why the advisory sentencing range was inadequate to account for the offense conduct. "[A] district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Gall, 552 U.S. at 46. We conclude that the district court's explanation satisfied both of these procedural requirements, given Irby's life-threatening conduct during the instant offense, as well as his consistent pattern of violent, reckless offenses.

Irby argues that his sentence was substantively unreasonable because the district court committed a clear error of judgment in weighing the § 3553(a) factors. "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines," but may not require "'extraordinary' circumstances to justify a sentence outside the Guidelines range" or apply "a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." Gall, 552 U.S. at 47. We "may consider the extent of the deviation [from the advisory sentencing range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 51.

Irby contends that the district court did not place sufficient weight on the advisory sentencing range, which had already incorporated the circumstances of his offense and his criminal history. 18 U.S.C. § 3553(a)(4). But "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. Stoner, 795 F.3d 883, 885 (8th Cir. 2015) (quoting United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012)). Although the PSR increased Irby's offense level to reflect Irby's use of the shotgun and his reckless driving, the district court acted within its discretion when it concluded that the advisory sentencing range had not fully addressed the seriousness of Irby's actions. See id.

As recounted above, the district court explained that the number and severity of Irby's prior offenses constituted "one of the worst records I've ever seen." Although each of Irby's prior offenses received points, his total criminal history was well above the score required to place Irby in category VI, leaving 10 points essentially uncounted. Some of Irby's prior offenses were similar to the instant offense and many involved violent or reckless conduct, and so, giving due deference

to the district court's decision, we conclude that the 57-month variance from the top of the advisory sentencing range was justified.

The sentence is affirmed.

_____