# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3163

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Dennis Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: August 17, 2018
Filed: August 22, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After a jury found Michael Clark guilty of distributing and possessing child pornography, the district court[1] sentenced him to 120 months in prison. Clark's

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court improperly received into evidence Twitter images and messages that predated the indictment period, and that the sentence was unreasonable.

After careful review, we conclude that the district court did not abuse its discretion in admitting into evidence the disputed Twitter images and messages, <u>see</u> <u>United States v. Battle</u>, 774 F.3d 504, 511 (8th Cir. 2014) (standard of review), as the evidence was presented to show that Clark had control over his Twitter account, and that the child pornography sent during the indictment period was not sent accidently, <u>see</u> Fed. R. Evid. 404(b) (evidence of a crime, wrong, or other act may be admitted to prove, inter alia, identity, absence of mistake, or lack of accident); and the district court gave limiting instructions to the jury that mitigated any possible prejudice, <u>see</u> <u>United States v. Ellis</u>, 817 F.3d 570, 580 (8th Cir. 2016) (prejudicial effect of admitting Rule 404(b) evidence was mitigated by district court's limiting instruction to the jury that it could consider the evidence only to determine "knowledge, motive, absence of mistake, accident or intent").

We further conclude that the district court did not impose an unreasonable sentence, as there was no indication that it overlooked a relevant section 18 U.S.C. § 3553 factor, or committed a clear error of judgment in weighing relevant factors, <u>see</u> <u>United States v. David</u>, 682 F.3d 1074, 1077 (8th Cir. 2012) (standard of review); <u>United States v. Wohlman</u>, 651 F.3d 878, 887 (8th Cir. 2011); and the sentence was within the Guidelines range, <u>see</u> <u>United States v. Callaway</u>, 762 F.3d 754, 760 (8th Cir. 2014). Having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and affirm.

_____