# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3368
_____

United States of America

*Plaintiff - Appellee*

v.

Alex Trent Vander Veer, also known as Alex Trent Vanderveer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: August 30, 2018
Filed: September 11, 2018
[Unpublished]
_____

Before WOLLMAN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In this direct criminal appeal, Alex Vander Veer challenges the sentence the district court[1] imposed after he pled guilty to enticing a minor, pursuant to a written

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

plea agreement. His counsel has moved to withdraw and submitted a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred in applying a Guidelines enhancement for engaging in a pattern of prohibited sexual conduct based on hearsay evidence about a pending state sexual abuse charge; and that the sentence was substantively unreasonable.

After careful review, we conclude that the district court did not abuse its discretion in applying the enhancement, given the forensic evidence corroborating the hearsay evidence. *See* U.S.S.G. § 6A1.3(a) (stating the district court is permitted to rely on "relevant information for sentencing without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy"); *United States v. Sheridan*, 859 F.3d 579, 583 (8th Cir. 2017) (consideration of hearsay evidence is reviewed for abuse of discretion where proper objection was made; this court considers such factors as consistency of hearsay testimony, timing and nature of declarant's statements, witness's impressions of declarant's demeanor, and other corroborating evidence). We further conclude the district court's within-Guidelines' sentence was not substantively unreasonable, as there was no indication that it overlooked a relevant 18 U.S.C. § 3553 factor or committed a clear error of judgment in weighing relevant factors. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014)*; United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012); *United States v. Wohlman*, 651 F.3d 878, 887 (8th Cir. 2011).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and affirm.

_____