# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3030

_____

United States of America

*Plaintiff - Appellee*

v.

Keashia Latriese Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 25, 2018
Filed: December 3, 2018
[Unpublished]

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Keashia Latriese Davis pleaded guilty to seventeen counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 3237. Over the course of thirteen months, Davis fraudulently obtained $262,691 in benefits from the Supplemental Nutrition

Assistance Programs (SNAP) in various states. The district court[1] sentenced Davis to 120 months' imprisonment. We affirm.

Between April 2015 and May 2016, Davis used a combination of other individuals' identification information and false identification information to apply for SNAP benefits in Utah, Texas, and Louisiana. State agencies overseeing SNAP approved Davis's fraudulent applications and sent her electronic benefit transfer (EBT) cards loaded with an approved amount of funds. The agencies reloaded these cards monthly. Davis used the cards to pay for personal expenses and also sold some to various buyers in exchange for cash. After state agencies reloaded the cards each month, the card buyers would pay Davis a portion of the reloaded amount. Davis maintained notebooks filled with the information she used to apply for benefits, including social security numbers, dates of birth, primary applicants' names, and names of children. Davis also kept lists of the EBT cards she obtained, as well as of their reload schedules. A search of her home revealed fake social security and identification cards, and copies of letters submitted to support her applications. After she was arrested, Davis telephoned her daughter and directed her to collect the monthly payments from the individuals who had purchased EBT cards from Davis.

At sentencing, the district court determined that Davis's base offense level under the U.S. Sentencing Guidelines (Guidelines) was 7 and then increased her offense level by 12 for the amount of loss, by 2 for the number of victims, by 2 for the unauthorized use of identification, and by 2 for her aggravating role. The court overruled Davis's objection to the number-of-victims enhancement. After reducing her offense level by 3 for acceptance of responsibility, the court determined that her total offense level was 22, her criminal history category was IV, and her advisory Guidelines sentencing range was 84 to 105 months' imprisonment. Davis moved for

---

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

a downward variance, pointing to her troubled mental health history, her non-violent criminal history, and the recovery of $17,565 in stolen funds. The government sought an above-Guidelines sentence because of the sophisticated nature of the fraud and the likelihood that Davis would return to criminal activity after her incarceration. The district court varied upward and sentenced Davis to 120 months' imprisonment.

Davis first argues that the district court procedurally erred by applying a 2-level enhancement for the aggravating role she played in the offense. She contends that she was the sole participant in the crime and that the district court erred by accepting the presentence report's (PSR) recommendation without determining whether Davis's crime involved any other participants. Under Guidelines § 3B1.1, a 2-level enhancement applies if the defendant organized, led, managed, or supervised at least one other participant. The Guidelines define "participant" to include any "person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1.

Because Davis failed to object to this enhancement at sentencing, we review only for plain error and find none. See United States v. Godfrey, 863 F.3d 1088, 1095 (8th Cir. 2017) (standard of review). The PSR states that Davis sold fraudulently obtained EBT cards to buyers at discounted cash amounts. Davis had an ongoing relationship with at least some buyers, who sent her monthly payments when the EBT cards were reloaded. We find no plain error in the conclusion that evidence of the sales and ongoing relationships was sufficient to establish that the buyers were participants in Davis's scheme. See United States v. Garcia, 703 F.3d 471, 475 (8th Cir. 2013) (finding no clear error in the district court's determination that an individual who bought small amounts of methamphetamine from the defendant on at least four occasions met the Guidelines definition of participant); United States v. Butler, 646 F.3d 1038, 1042 (8th Cir. 2011) (finding no clear error in the district court's determination that individuals who cashed checks that were

fraudulent—a fact the buyers either knew or ignored—were participants under the Guidelines).

Davis argues that the district court abused its discretion and imposed a substantively unreasonable sentence when it varied upward from the advisory Guidelines sentencing range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review). In determining whether a sentence is substantively unreasonable, we consider the totality of the circumstances, and though "we may consider the extent of the district court's variance, we give due deference to the court's decision that the § 3553(a) factors . . . justify the extent of the variance." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012).

Davis claims that the district court relied on an improper factor when it varied upward based on the amount she fraudulently obtained, which was already accounted for in a 12-level enhancement in her offense level. She further contends that the district court gave insufficient weight to her cooperation, her troubled personal history, and her helpfulness in teaching parenting and life skill classes while incarcerated. We disagree. When deciding to vary from a Guidelines-range sentence, a district court may rely on factors that have already been taken into account in calculating the advisory Guidelines range. See id. Moreover, the district court properly considered Davis's personal characteristics and specifically mentioned that it forewent a greater upward variance in light of her mental health history. In light of the seriousness of the fraud, its complex nature, and the fact that the funds swindled were intended for a vulnerable population, the district court did not abuse its discretion in sentencing Davis as it did.

The sentence is affirmed.

_____

-4-