# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1776

_____

United States of America

*Plaintiff - Appellee*

v.

Gregg Alfred Nicholas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: April 19, 2019
Filed: July 11, 2019
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Appellant Gregg Nicholas pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court,[1] after calculating a

_____

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

Sentencing Guidelines range of 30 to 37 months' imprisonment, varied upward and imposed a sentence of 60 months' imprisonment. Nicholas argues that the sentence is substantively unreasonable. We affirm.

## I. Background

In 2017, Nicholas entered a sporting goods store and asked store employees to sew Department of Homeland Security ("DHS") patches onto several camouflage shirts. The employees reported him to the police. Nicholas, who has never worked for DHS, was eventually arrested for Criminal Impersonation.

During their investigation, the police discovered that Nicholas had impersonated law enforcement on two prior occasions and had prior convictions in New York for Criminal Possession of a Weapon 3rd Degree and Criminal Possession of a Weapon 4th Degree, the latter conviction being a felony. The police then executed a search warrant for Nicholas's residence, discovering a total of fourteen firearms spread throughout the residence. Nicholas was charged with being a felon in possession of a firearm.

Nicholas pled not guilty and was released on bond. He later agreed to plead guilty to being a felon in possession of a firearm. The presentence investigation report ("PSR") calculated a criminal history category II and a total offense level of 15, which included a three-point reduction for acceptance of responsibility. The resulting suggested Guidelines range was 21 to 27 months' imprisonment.

While out on bond, Nicholas engaged in a number of misdeeds. Shortly after his release, he attempted to purchase an AR-15 rifle from the owner of a local mechanic shop and utilized a siren installed in his vehicle to pass other vehicles on the road. Months later, he exchanged gun fire with his neighbors over a property border dispute. When the police arrived at the scene, they observed that Nicholas had

gun shot wounds in his stomach and arm. They discovered a gun holster in Nicholas's laundry room and four .380 caliber shell casings near Nicholas's truck.

The police executed another search warrant for Nicholas's residence. During the search, the police discovered a number of firearms, including a .380 caliber Colt pistol, ammunition, and several law enforcement badges. Nicholas was arrested and his bond was revoked.

A revised PSR suggested that Nicholas not receive credit for his acceptance of responsibility because it appeared he had "committed similar offenses as to what he was charged with in the instant federal offense." As a result, Nicholas's total offense level was 18 rather than 15, and his suggested Guidelines range increased to 30 to 37 months' imprisonment.

At his sentencing hearing, the district court confirmed the Guidelines range. The government asked for an upward variance, while Nicholas asked for a downward variance. In support of his request for a downward variance, Nicholas cited his age (55), his history of medical issues, his mother's poor health, and the fact that he was his mother's primary caretaker.

The district court, after reviewing the 18 U.S.C. § 3553(a) factors, determined that "an upward variance [was] going to be necessary" because Nicholas's conduct "clearly demonstrate[d] a disrespect for the law and a significant likelihood that, given the opportunity again, [he] would continue to illegally possess firearms and pose a danger to the community." As evidence of Nicholas's lack of respect for the law, the district court cited: (1) Nicholas's repeated impersonations of law enforcement; (2) his attempt to purchase an AR-15 rifle; (3) his use of a siren to pass other vehicles on the road; (4) his shootout with his neighbors; and (5) his continued possession of firearms while out on bond. Accordingly, the district court imposed a sentence of 60 months' imprisonment.

Nicholas appeals, arguing that the district court's sentence was substantively unreasonable.

## II. Discussion

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (citation and internal quotation marks omitted).

Nicholas argues that the district court abused its discretion in two ways. First, he argues the district court "double counted" factors that had already been accounted for in the calculation of the Guidelines range. Specifically, he argues that his alleged "disrespect for the law" had already resulted in the denial of credit for his acceptance of responsibility and therefore could not be used to support an upward variance. Second, Nicholas argues that the district court failed to take into account any of the mitigating factors that he raised.

Neither of Nicholas's arguments bear merit. We have repeatedly held that "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). And, while the district court did not specifically mention the mitigating factors raised by Nicholas, "[w]e do not require a mechanical recitation of the § 3553(a) factors at sentencing." United States v. Diaz-Pellegaud, 666 F.3d 492, 504 (8th Cir. 2012). Moreover, district courts have "wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence." David, 682 F.3d at 1077. Here, the

district court considered the § 3553(a) factors and simply assigned greater weight to the need "to promote respect for the law" and "to protect the public from further crimes of the Defendant."

Ultimately, a district court does not abuse its discretion in "'demonstrat[ing] with an upward departure or variance that contemptuous disregard' for the law can have serious consequences." David, 682 F.3d at 1077 (alteration in original) (citation omitted). Accordingly, we find that the district court did not abuse its discretion in varying upward and imposing a sentence of 60 months' imprisonment based on Nicholas's "disrespect for the law" and the "significant likelihood" that he "would continue to illegally possess firearms and pose a danger to the community."

We affirm the judgment of the district court.

_____