# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2468
_____

United States of America,

*Plaintiff - Appellee,*

v.

Luis Lopez,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 10, 2021
Filed: August 13, 2021
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

Luis Lopez pleaded guilty to unlawful possession of a prohibited object as an inmate of a prison. The district court[1] sentenced Lopez to 36 months' imprisonment. Lopez challenges his sentence, and we affirm.

On June 23, 2018, Lopez was an inmate at a federal prison in Forrest City, Arkansas. A correctional officer conducted an unscheduled search of a locker assigned to Lopez and found a folded piece of paper containing 0.4 grams of cocaine. Lopez admitted ownership of the cocaine. He pleaded guilty to unlawful possession of a prohibited object as an inmate of a prison, in violation of 18 U.S.C. § 1791(a)(2).

At sentencing, the district court calculated an advisory sentencing guideline range of 18 to 24 months' imprisonment, based on a total offense level of 11 and criminal history category of IV. During the hearing, the court explained that "there are sentencing guidelines to help [the court] determine what an appropriate sentence is," but observed that the court is not required to impose "a sentence within the range provided by the guidelines." After listening to arguments by counsel and Lopez's allocution, the court said the following:

> Mr. Lopez, I will tell you that, for having cocaine in prison, I walked into this courtroom today, not thinking there was a way you were going to walk out of here without five more years. Having listened to what you have to say, I think I'll moderate that some.

The court denied Lopez's motion for a downward variance, which was based on a history of substance abuse issues, the amount of cocaine possessed, previous administrative discipline for the offense conduct, and recent loss of family members.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

-2-

The court cited the need to deter similar conduct and expressed concern about the network of "criminality" and the "sheer amount of sneakiness" that is necessary for inmates to possess prohibited objects. The court ultimately varied upward from the advisory range and imposed a sentence of 36 months' imprisonment. The statutory maximum sentence for Lopez's offense was 120 months' imprisonment. *See* 18 U.S.C. § 1791(b)(2).

Lopez contends that the district court committed procedural error by failing to begin its analysis with the advisory guideline range of 18 to 24 months' imprisonment and instead using a five-year sentence as its benchmark. A district court should use the guideline range as "the starting point and the initial benchmark" for sentencing, and "remain cognizant" of that range throughout the sentencing process. *Gall v. United States*, 552 U.S. 38, 49, 50 n.6 (2007). But the court should consider all of the factors under 18 U.S.C. § 3553(a) in determining the appropriate sentence.

The district court did not commit procedural error. The court explained that "there are sentencing guidelines to help [the court] determine what an appropriate sentence is," but added that the court is "not required" to give a sentence within the guideline range. The court then calculated an advisory guideline range of 18 to 24 months' imprisonment for Lopez's offense. Only after hearing from counsel and Lopez did the court state that it had entered the courtroom "not thinking there was a way" that Lopez was going to "walk out of here without five more years." The court added that having listened to Lopez's arguments, it would "moderate" that initial disposition. But the court described the 36-month sentence it imposed as "a 12-month variance upward," and explained why it was "varying upward."

The court's statements at sentencing, viewed in context, establish that it was cognizant of the proper role of the advisory sentencing guidelines. The court calculated the proper guideline range, explained the role of the guidelines, and considered Lopez's individual circumstances before "varying upward" from the

advisory range of 18 to 24 months' imprisonment to impose a sentence of 36 months' imprisonment. The court, based on its initial review, evidently had been considering a 60-month sentence as an upward variance, but was convinced during the hearing that a smaller upward variance was appropriate. The court framed its chosen sentence as a variance with regard to Lopez's advisory range, not in reference to a benchmark five-year sentence. There was no procedural error.

Lopez also argues that his sentence is substantively unreasonable because the factors relied on by the district court to support the upward variance were already taken into account by Lopez's advisory range and statute of conviction. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. Where a sentence is outside the advisory guideline range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

The district court did not abuse its discretion. The court justified its upward variance by reference to sentencing factors such as the serious nature of Lopez's offense, the need to impose just punishment, and Lopez's lack of respect for the law, emphasizing that he committed the instant offense while already in prison for having committed other drug crimes. The court also expressed its concern with the "sheer amount of sneakiness" and "criminality" necessarily involved in the possession of prohibited objects by inmates and the need "to deter other people from engaging in that conduct."

These were permissible grounds to support an upward variance in this case. "[F]actors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012). The court's desire to deter similar crimes by inmates was a permissible consideration, *Ferguson v. United States*, 623

F.3d 627, 632 (8th Cir. 2010), and the totality of reasons offered by the court sufficed to justify the upward variance. This is not the unusual case in which our deferential review for reasonableness requires the reversal of a sentence. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The judgment of the district court is affirmed.

_____