# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-2847

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jonathan E. Brown

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: June 14, 2021
Filed: August 24, 2021
[Unpublished]

——————————

Before LOKEN, WOLLMAN, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

While on probation for another offense in August 2018, Jonathan Brown was found to be in possession of a firearm and ultimately pleaded guilty to being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). Brown's previous convictions included involuntary manslaughter in the first degree, armed criminal

action, and assault. The district court[1] sentenced him to 46 months' imprisonment. Brown appeals, arguing that his sentence is procedurally flawed and substantively unreasonable. We affirm.

The presentence investigation report (PSR) assigned Brown a total offense level of 12 and a criminal history category of IV and calculated an advisory sentencing range of 21 to 27 months' imprisonment under the United States Sentencing Guidelines (U.S.S.G. or Guidelines). The PSR also included facts from an incident on the morning of January 1, 2019, when officers responded to a residence in Kansas City, Missouri, after receiving twelve separate indications of shots having been fired at the residence the night before. Brown answered the door, but refused to speak with the officers, telling them that he was going to see if his father was home, shutting the door, and not returning. The officers recovered a total of 360 spent shell casings and 26 live rounds of ammunition from the residence's rear porch and driveway.

The district court adopted the PSR's Guidelines calculation at sentencing. It discussed the facts set forth in the PSR, including those regarding the New Year's Eve incident, recalling that deaths had occurred "because of other people discharging firearms in the air on New Year's Eve." After considering the 18 U.S.C. § 3553(a) sentencing factors, the district court varied upward by 19 months and sentenced Brown "based on the need to protect the public, based on the need for deterrence, based on the fact that [Brown had] been honest with everyone, and . . . told the truth."

We "review a sentence for significant procedural error and then, if necessary, for substantive reasonableness." United States v. David, 682 F.3d 1074, 1076 (8th Cir. 2012). When reviewing for significant procedural error, "we review the district

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

court's application of the guidelines *de novo* and its factual findings for clear error." United States v. Green, 691 F.3d 960, 966 (8th Cir. 2012). A district court commits procedural error when it fails "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)) (adequate explanation "allow[s] for meaningful appellate review and [promotes] the perception of fair sentencing").

Brown suggests that the district court inadequately explained his sentence and the upward variance. We disagree. The district court correctly calculated Brown's sentencing range after holding that Brown's involuntary manslaughter and armed criminal action convictions did not qualify as crimes of violence for the purposes of U.S.S.G. § 2K2.1. See, e.g., United States v. Schneider, 905 F.3d 1088, 1091–92 (8th Cir. 2018) (under the categorical approach, crimes which can result from recklessness are not a crime of violence). The district court then discussed "the good and the not so good" in Brown's case, which arguably provided "substantial insight into the reasons for its determination." See Feemster, 572 F.3d at 463 (internal quotation marks and citation omitted). The district court acknowledged Brown's community support, his acceptance of responsibility, his cooperation with the court system and his attorney, and his good behavior while in custody awaiting sentencing. It then discussed Brown's criminal history and the facts set forth in the PSR. Moreover, it expressly recognized that the sentencing range was not mandatory and stated that it had determined the sentence after considering the statutory factors. Because it is "clear from the record that the district court actually considered the § 3553(a) factors," id. at 461 (citation omitted), we conclude that it adequately explained the reasons for the upward variance it was imposing.

In the absence of procedural error, we review the sentence for substantive reasonableness, applying a deferential abuse-of-discretion standard. Gall, 552 U.S. at 51. The district court abuses its discretion and imposes an unreasonable sentence

when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." David, 682 F.3d at 1077. "When a district court varies from the [G]uidelines range based upon its application of § 3553(a), we consider both whether the district court's decision to grant a variance is reasonable and whether the extent of the variance is reasonable." United States v. Garnette, 474 F.3d 1057, 1060 (8th Cir. 2007).

Brown argues that his sentence is substantively unreasonable because the district court varied upward primarily based on a factor—his criminal history—that was already accounted for in the Guidelines calculation. Such a factor "can nevertheless form the basis of a variance." David, 682 F.3d at 1077. Moreover, "[a] district court is not prohibited from determining that the weight the Guidelines assigned to a particular factor was insufficient." United States v. Donahue, 959 F.3d 864, 867 (8th Cir. 2020) (internal quotation marks and citation omitted).

Although none of Brown's prior convictions was a crime of violence within the meaning of U.S.S.G. § 2K2.1(a), the district court nevertheless found Brown's criminal history "concerning." As set forth in the PSR, Brown's involuntary manslaughter conviction resulted from his accidental discharge of a firearm, and his assault conviction resulted from his "choking [a woman] with open hands." The district court recognized that Brown did not have "a lot of criminal history," but it characterized his previous convictions as "serious." That Brown was present at a residence shortly after "dangerous behavior" apparently took place on New Year's Eve was also a matter of concern to the district court. The record thus indicates that the district court did not vary upward merely because of Brown's prior convictions. Rather, the variance was based on its determination that the sentencing range did not properly take into account the gravity of the facts set forth in the PSR or the

-4-

seriousness of Brown's criminal history. See 18 U.S.C. § 3553(a)(1) ("the history and characteristics of the defendant" is a sentencing factor to be considered).

We reject Brown's implication that the district court improperly relied on the New Year's Eve incident to vary upward. As noted above, the district court discussed the incident at sentencing, stating "the facts in the PSR are concerning." The district court expressly stated that it was not finding that Brown had discharged a weapon, but noted that Brown's presence "around such a tremendous amount of [spent] ammunition . . . the day after, . . . ma[de] people wonder." The district court did not abuse its discretion in discussing the incident, however, because its details were described in the PSR and were not objected to by Brown. See United States v. Boyd, 956 F.3d 988, 991–92 (8th Cir. 2020).

We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Feemster, 572 F.3d at 461–62 (quoting Gall, 552 U.S. at 51). The district court determined that a 19-month upward variance was "sufficient but not greater than necessary" to adequately deter criminal conduct and to protect the public. See 18 U.S.C. § 3553(a)(2)(B)–(C). We find no abuse of discretion in that determination. See Feemster, 572 F.3d at 462 ("Just because we 'might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" (quoting Gall, 552 U.S. at 51)).

The sentence is affirmed.

_____