# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2610
_____

United States of America

*Plaintiff - Appellee*

v.

Curtis AJ Harrell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 11, 2022
Filed: May 2, 2022
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Curtis Harrell pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The

district court[1] calculated an advisory Guideline range of 188–235 months and sentenced Harrell to a within-range sentence of 210 months. Harrell appeals and argues that the sentence was substantively unreasonable. We affirm.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "An abuse of discretion occurs where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012).

There was no abuse of discretion in this case. The district court considered mitigating factors including Harrell's mental condition, his difficult childhood, the abuse he suffered, and his traumatic brain injuries. As an aggravating factor, however, the court also considered Harrell's significant history of violence. Harrell has felony convictions for first-degree aggravated robbery, prohibited person in possession of a firearm, second-degree assault, and first-degree assault. Harrell's criminal history demonstrates that he frequently used firearms to commit robberies and assaults. While in pretrial custody on the present charges, Harrell committed several major rule violations including, among others, assault, fighting, sexual harassment, and threats.

Given this violent history, it was not an abuse of discretion for the district court to determine that a Guideline sentence was appropriate in this case. United States v. Brown, 992 F.3d 665, 673 (8th Cir. 2021) ("[Defendant]'s assertion of substantive unreasonableness amounts to nothing more than a disagreement with how the district

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

court chose to weigh the § 3553(a) factors in fashioning his sentence."). Accordingly, we affirm the judgment of the district court.

_____