# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3061
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Lashawn Warfield

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: March 17, 2023
Filed: April 28, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Antonio Warfield pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced by the district court[1] to a 105-month term of imprisonment to be followed by three years of

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

supervised release. On appeal, Warfield argues the district court procedurally erred when it failed to adequately explain its upward departure under U.S.S.G. § 4A1.3(a) and imposed a substantively unreasonable sentence. We affirm.

On August 14, 2019, Warfield accompanied a female companion to a pawn shop where the female purchased a Taurus G2C, 9mm semi-automatic pistol. Warfield is a previously convicted felon. About a month later, a concerned citizen called 9-1-1 and reported that Warfield had a gun and was threatening to shoot people. The Davenport police were dispatched and spoke to witnesses who described several cars Warfield drove, including a silver Chrysler 300. Subsequently, a Davenport police officer observed Warfield, who was the sole occupant of the Chrysler 300, and pulled him over. During the encounter, police discovered marijuana and the Taurus 9mm pistol. Warfield subsequently pled guilty to being a felon in possession of a firearm.

A presentence investigation report was prepared that calculated 15 criminal history points, placing Warfield in Category VI with a total offense level of 21, resulting in a Guidelines range of 77 to 96 months. Prior to the sentencing hearing, the government filed a motion for an upward departure based on an underrepresented criminal history.

At sentencing, Warfield asserted the unscored offenses were not particularly egregious and Category VI fully and fairly encompassed his criminal history. The district court disagreed and granted the government's motion, noting Warfield's unscored serious conduct beginning at age 13. The court listed 12 unscored offenses involving, in part, drug offenses, possession of stolen automobiles, domestic battery, felony aggravated use of a weapon, and aggravated assault. The court also recounted Warfield's numerous disciplinary violations while previously in the custody of the Bureau of Prisons ("BOP"), describing them as "a whole plethora of problems." Similarly, while in jail pending resolution of the instant case, Warfield accumulated approximately 30 disciplinary violations, including, in part, assault, refusing lawful orders, harassing correctional staff, and multiple instances of causing facility

emergencies. He also fraudulently filed for and received unemployment benefits. The court found Warfield's conduct is "very different" from the conduct of a typical Category VI defendant. Pursuant to U.S.S.G. § 4A1.3(a)(4)(B), the court increased Warfield's base offense by one level (noting it could have easily increased his offense level by more than one level), resulting in an adjusted Guidelines range of 84 to 105 months. The district court sentenced Warfield to a 105-month term of imprisonment to be followed by three years of supervised release.

We review Warfield's challenge to the adequacy of the district court's explanation for the upward departure under the deferential abuse of discretion standard and review the extent of the departure for reasonableness. See United States v. Green, 946 F.3d 433, 441 (8th Cir. 2019) (citation omitted). Section 4A1.3(a)(1) of the Guidelines permits a district court to depart upward based on reliable information indicating "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." When, as here, the defendant already fulfils the requirements for Category VI criminal history, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level . . . until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3(a)(4)(B).

The district court did not abuse its discretion when it decided to depart upward based on Warfield's extensive criminal history. The court outlined Warfield's criminal history and found his record was "extensive, quite violent and continued even in placements such as the BOP or the jail and, of course, we have the new criminal conduct that happened while he was in the jail involving the unemployment benefit fraud that he had going on." Warfield's "obvious incorrigibility" is sufficient to support the court's departure. See Green, 946 F.3d at 441 ("[T]he district court did not abuse its discretion in determining that [the defendant's] obvious incorrigibility demonstrates that leniency has not been effective and that as a result, the factors weigh in favor of a decision to upwardly depart.") (cleaned up).

-3-

The district court departed one level, although it suggested the circumstances might warrant a greater departure. We are satisfied with the district court's explanation of the extent of its departure and conclude a one-level departure was reasonable in Warfield's case. After the upward departure, the district court adequately justified its decision to impose a sentence at the top of the adjusted Guidelines range. The court considered the sentencing factors under 18 U.S.C. § 3553(a) and found only one mitigating circumstance—Warfield's decision to plead guilty. Rather than impose a sentence of 120 months, which the court found would have been appropriate, it gave Warfield some credit for acceptance of responsibility and sentenced him within the Guidelines range. Given the "wide latitude" afforded sentencing courts, United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (citations omitted), we conclude the district court did not abuse its substantial sentencing discretion in concluding an upward departure was warranted, in denying Warfield's request for a lower sentence, and sentencing Warfield to a term of 105 months' imprisonment. See Green, 946 F.3d at 441-42.

We affirm the judgment of the district court.

_____