# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1695

———————

United States of America,      *
                                *

    Plaintiff - Appellee,    *

                                 *   Appeal from the United States

v.                         *   District Court for the

                                 *   District of Minnesota.

Juan Elodio-Benitez,    *

                                 *

    Defendant - Appellant.    *

———————

Submitted: December 12, 2011
Filed: March 5, 2012

———————

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

———————

LOKEN, Circuit Judge.

Juan Elodio-Benitez, a citizen of Mexico, illegally entered the United States in 1984 at age 14, married at age 18, and acquired lawful permanent resident status in 1998. In May 2005, Elodio-Benitez was deported to Mexico after completing a prison sentence for terroristic threats against his wife, who divorced him immediately after he pleaded guilty to that felony offense. In June 2006, Elodio-Benitez pleaded guilty to unlawful reentry following a felony conviction, served a 24-month prison sentence, and was then deported to Mexico. In September 2008, he again pleaded guilty to illegal reentry after a felony conviction, served an 18-month sentence, and was deported to Mexico in November 2009. After illegally reentering the United

States for the seventh time, he was again charged with and pleaded guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and 6 U.S.C. §§ 202 and 557. The district court[1] sentenced him to 48 months in prison for the illegal reentry offense and a concurrent 21-month revocation sentence because he committed this offense while on supervised release for the 2008 conviction. Elodio-Benitez appeals, arguing the sentence is substantively unreasonable. We affirm.

Without objection, the district court determined that Elodio-Benitez's advisory guidelines range was 70 to 87 months in prison.[2] The government urged a sentence within that range and a concurrent revocation prison sentence. Defense counsel, noting Elodio-Benitez's significant ties to the United States, low intellectual functioning, and mental health problems, argued that 24 months in custody would be sufficient but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a). The district court varied downward to 48 months, explaining that Elodio-Benitez's overstated criminal history and cultural ties to this country warranted a downward variance, but that "the principle of incremental punishment" warranted a "slightly long sentence" for an illegal reentry offense because his prior illegal reentry sentences were 18 and 24 months, and "seven prior deportations . . . counts for something." The court further stated, "I understand the family tie, the fact that you're drawn to a place that you have been at most of your life, but you no longer have the permission to be here, and therein lies the problem."

---

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[2] Elodio-Benitez was assigned a base offense level of 8 and a 16-level enhancement because he was previously removed following a crime of violence (the terroristic threats conviction). U.S.S.G. §§ 2L1.2(a) and (b)(1)(A)(ii). He received a 3-level reduction for acceptance of responsibility, § 3E1.1(a). His twelve criminal history points placed him in Criminal History Category V of the Sentencing Table.

On appeal, Elodio-Benitez argues the district court abused its discretion by inadequately weighing the mitigating facts in his personal background and not granting a greater downward variance. We disagree. Given our deferential review of reasonableness, "it will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Borromeo, 657 F.3d 754, 757 (8th Cir. 2011) (quotation omitted). Here, the court considered the mitigating factors Elodi-Benitez presented and articulated a reasoned basis for its sentence. It properly took into account that prior illegal reentry sentences had failed to deter; Elodio-Benitez's repeated illegal reentries demonstrated "contemptuous disregard for our immigration laws." United States v. Mejia-Perez, 635 F.3d 351, 353 (8th Cir. 2011). The court granted a significant downward variance; "where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) (quotation omitted).

After the case was fully briefed, Elodio-Benitez submitted a letter urging that we remand for resentencing in light of our recent decision in United States v. Jimenez-Perez, 659 F.3d 704, 711 (8th Cir. 2011), where we held that, in considering whether to grant a downward variance from the advisory guidelines range based on the sentencing factors in 18 U.S.C. § 3553(a), the absence of a fast-track program in the sentencing district "should not be *categorically excluded* as a sentencing consideration." Id. (quotation omitted). We decline to do so for two reasons. First, Elodio-Benitez's pre-sentencing Position Memorandum argued only for a downward departure on this ground. Lack of a fast-track program is not a basis for a departure under U.S.S.G. § 5K3.1. As Elodio-Benitez did not argue at sentencing for a downward *variance* on this ground, the district court committed no plain error in

failing to comment *sua sponte* on that issue. <u>Accord</u> <u>United States v. Chavez-Ramirez</u>, 2012 WL 128581, at *2 (8th Cir. Jan. 18, 2012) (unpublished). Second, we concluded in <u>Jimenez-Perez</u> that the district court committed procedural error in declaring that it *lacked the discretion* to vary downward on this ground. 659 F.3d at 705. Here, Elodio-Benitez did not pursue the issue at sentencing, and the district court gave no hint that it misunderstood the extent of its sentencing discretion.

The judgment of the district court is affirmed.

_____