# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2849

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Marvin Ricardo Solis, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 23, 2012
Filed: May 29, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Marvin Solis pleaded guilty to conspiring to distribute 50 grams or more of a methamphetamine mixture and a detectable amount of cocaine, the district court[1] sentenced him to 121 months in prison and five years of supervised release. On appeal, his counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Solis has filed pro se submissions. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

In the Anders brief, counsel argues that the district court erred at sentencing by enhancing Solis's Guidelines range for playing an aggravating role in the offense. In his pro se submissions, Solis asserts that the enhancement was based on uncharged conduct, in violation of his constitutional rights. Solis is precluded from challenging the enhancement on appeal, however, because he withdrew his objection prior to sentencing. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002). Even if his constitutional argument survives the withdrawal of his objection, the argument fails. See United States v. Okai, 454 F.3d 848, 851 (8th Cir. 2006).

Solis also asks that his case be remanded for consideration of his eligibility for a fast-track program. But he did not raise any issue at sentencing about a fast-track program, and if he is raising the district court's failure to consider the matter *sua sponte* at sentencing as a mitigating sentencing factor or otherwise, the court did not plainly err. Cf. United States v. Elodio-Benitez, 672 F.3d 584, 586 (8th Cir. 2012).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), including the reasonableness of the sentence imposed, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), we find no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____