# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3094

_____

United States of America,          *
                                        *

    Plaintiff - Appellee,       *    Appeal from the United States
                                     *    District Court for the
    v.                         *    Eastern District of Missouri.
                                     *

Phillip Wayne Catlett,        *       [UNPUBLISHED]
                                     *

    Defendant - Appellant.    *

_____

Submitted: April 16, 2012
Filed: June 27, 2012

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Phillip Wayne Catlett of one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) after he fired several shots from a .22 caliber rifle at Daniel Manis and Ashley West and then led law enforcement authorities on a two-month manhunt during which he was seen with a firearm. With enhancements for possessing the firearm in connection with a felony assault and for obstruction of justice, and a criminal history category of VI, Catlett's advisory guidelines sentencing range was 120-150 months in prison, capped by the ten-year statutory maximum sentence. At sentencing, he requested a sentence below the statutory maximum based upon his unaddressed substance abuse and mental

health issues and strong family support. The district court[1] declined to vary downward from the guidelines range sentence of 120 months, explaining:

> Mr. Catlett, I heard all the evidence and frankly, I agree with the Jury's verdict. And not only that, your prior offenses are catching up to you. So anytime you get in trouble, you know, from now on, it's a lot worse than it would have been the first time. And you know that, of course [].
>
> Pursuant to the Sentencing Reform Act of 1984 and the provisions of Title 18, United States Code, Section 3553(a), and all of the factors thereunder and also in view of the sentencing objectives of just punishment, general deterrence and incapacitation, it's the judgment and sentence of the Court that you, Phillip Wayne Catlett, [are] hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months.
>
> I gave you some lenient treatment because I'll run whatever is left on the state offense concurrently and not consecutively.

On appeal, Catlett argues that the district court abused its discretion by imposing a substantively unreasonable sentence because the court "erred in failing to give a sufficient explanation for the sentence it imposed, [and in] failing to consider relevant § 3553(a) factors."[2] We disagree. The district court expressly stated that it considered all the § 3553(a) factors and explained that it gave greater

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]These alleged inadequacies are most appropriately raised as evidence of a substantively unreasonable sentence, but they can also be raised as claims of procedural sentencing error. See Gall v. United States, 552 U.S. 38, 53 (2007). As Catlett did not argue procedural error to the district court, and presented only the issue of substantive unreasonableness on appeal, we decline to consider procedural error. See United States v. Mejia-Perez, 635 F.3d 351, 353-54 (8th Cir. 2011).

-2-

weight to Catlett's extensive criminal history and violent offense conduct than to the mitigating circumstances urged on Catlett's behalf. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Elodio-Benitez, 672 F.3d 584, 586 (8th Cir. 2012) (quotation omitted). There was no abuse of discretion in imposing a guidelines range sentence.

The judgment of the district court is affirmed.

_____