# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2992
_____

United States of America

*Plaintiff - Appellee*

v.

Joo Ok Kim

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 14, 2012
Filed: August 9, 2012
[Unpublished]

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Joo Ok Kim recruited at least five Hispanic illegal aliens living in the United States to work for his siding company by promising good jobs and free room and board. He required the men to work "hard and fast," threatened to deport them, often refused to pay them, provided them little food and carpet squares in his basement for sleeping, and physically assaulted one. Police discovered the men while responding

to a disturbance call. Kim pleaded guilty to Harboring and Concealing Illegal Aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(i), a Class C felony. The district court[1] sentenced Kim to 24 months in prison, three years supervised release, and $22,403.29 in restitution. Kim appeals, arguing the prison term is substantively unreasonable. We affirm.

Kim's total offense level of 15 included a six-level enhancement because he detained the men using coercion and threats, resulting in an advisory guidelines range of 18 to 24 months in prison. Kim requested a below-range sentence of one year and one day, emphasizing his difficult transition from poverty in post-war South Korea to living in the United States, and the fact that his victims had entered the country illegally. The district court declined to vary downward because Kim's victims "were intimidated in the way that they were," because Kim "supplied them with so much less than promised," and because Kim's "pattern of working for cash and working under the table" made it hard to establish whether criminal history category I reflected "the true magnitude of [his] criminal history." The court observed that the advisory range for this offense might appear "quite low" because "[t]o harbor people who are illegally in the country and then to misuse them is at least as serious an offense as coming to this country initially looking for a better life." However, the court did not impose a sentence above the guidelines range, concluding that 24 months in prison was "the minimum that is adequate to punish you and also to discourage other people who might be in the same position from engaging in similar conduct."

On appeal, Kim argues the sentence is substantively unreasonable because the district court failed to properly weigh the 18 U.S.C. § 3553(a) mitigating factors. We disagree. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

sentence." <u>United States v. Elodio-Benitez</u>, 672 F.3d 584, 586 (8th Cir. 2012) (quotation omitted).  Here, the court assigned greater weight to the abusive nature of Kim's conduct and his elusive criminal history than to the mitigating factors he urged. An upward variance would no doubt not have been unreasonable.  The court's decision to impose a guidelines range sentence clearly was not outside the bounds of its wide sentencing latitude.

The judgment of the district court is affirmed.

———————————————