# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2480

———————————————

United States of America

*Plaintiff - Appellee*

v.

Timothy Jon Kirchoff

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: April 15, 2022
Filed: July 21, 2022
[Unpublished]

——————————

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Timothy Jon Kirchoff pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, for which the district court[1] sentenced him to 176 months imprisonment, and one count

———————————————

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), for which the district court sentenced him to 60 months imprisonment, to be served consecutively, for a total term of imprisonment of 236 months. The district court also sentenced Kirchoff to five years supervised release. On appeal, Kirchoff contends that the 176-month term of imprisonment for conspiracy to distribute a controlled substance is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Beginning in 2019 and continuing into 2020, Kirchoff was party to an agreement with others to distribute methamphetamine from suppliers in Minneapolis, Minnesota, and Kansas City, Missouri, for resale in Des Moines, Iowa. In executing a search warrant on Kirchoff's residence in Des Moines, officers recovered, among other things, $11,380 in cash, baggies of what testing later confirmed to be methamphetamine, drug paraphernalia, and loaded and unloaded firearms. In post-Miranda[2] interviews, Kirchoff admitted to the distribution of at least 50 pounds of methamphetamine and stated that he usually paid $10,000 per pound of methamphetamine to his supplier in Kansas City and $8,000 per pound of methamphetamine to his supplier in Minneapolis. He further admitted to possessing eight firearms, stating that they were for his protection.

For purposes of calculating Kirchoff's United States Sentencing Guidelines range, the parties agreed to attribute 3.5 kilograms or more of a methamphetamine mixture to Kirchoff, yielding a base offense level of 36. Kirchoff received a two-level upward adjustment for maintaining a premises for the distribution of a controlled substance and a three-level downward adjustment for his acceptance of responsibility. With a total offense level of 35 and a criminal history category of II, Kirchoff's resulting Guidelines range was 188 to 235 months imprisonment on the conspiracy to distribute a controlled substance count. The government requested a

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

sentence of 188 months imprisonment, and Kirchoff requested a downward variance to 120 months imprisonment.

In support of Kirchoff's request for a downward variance, Kirchoff's attorney highlighted some of Kirchoff's mitigating factors, including his age (60 years old at the time of sentencing), chaotic childhood, history of mental disorders (ADHD, bipolar disorder, anxiety, and depression), history of substance abuse, and lack of education, as well as the violent death of a close friend. The district court granted a downward variance and sentenced Kirchoff to 176 months imprisonment for conspiracy to distribute a controlled substance and a mandatory consecutive term of 60 months imprisonment for possession of a firearm in furtherance of a drug trafficking crime.

Kirchoff asserts that the district court gave disproportionate weight to his criminal history and inadequate weight to his age, attempts to cooperate with law enforcement, history of substance abuse, and the fact that he did not lie to the district court, coerce witness testimony, or use a weapon in the commission of his offenses.

On appeal, we apply a deferential abuse-of-discretion standard to a challenge that a sentence is substantively unreasonable, and we "take into account the totality of the circumstances." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (citation omitted). Finally, "[a] sentence below or within the Guidelines range is presumptively reasonable on appeal." United States v. Barraza, 982 F.3d 1106, 1116 (8th Cir. 2020) (citation omitted); see also United States v. Elodio-Benitez, 672 F.3d 584, 586 (8th Cir. 2012) ("[W]here a district court has sentenced a defendant below

the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." (citation omitted)).

"A district court has substantial discretion in determining how to weigh the § 3553(a) factors." United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012). "The district court need not thoroughly discuss every § 3553(a) factor; rather, a district court must make it clear on the record that it has considered the factors in making a decision as to the appropriate sentence." United States v. Leonard, 785 F.3d 303, 307 (8th Cir. 2015) (per curiam). While the district court gave considerable weight to Kirchoff's criminal history and the need to deter criminal conduct, "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). "[A]nd a defendant's disagreement with the district court's balancing of relevant considerations does not show that the court abused its discretion." United States v. Campbell, 986 F.3d 782, 800 (8th Cir. 2021) (citation omitted).

We conclude that the district court did not abuse its discretion in imposing this below-Guidelines sentence. At sentencing, the court considered the statutory penalties and the § 3553(a) factors, specifically touching on Kirchoff's criminal history, the large amount of methamphetamine mixture involved and the impact that the substance has on the community, the number of firearms, including loaded firearms, readily accessible to Kirchoff, and Kirchoff's poor conduct while in pretrial custody.[3] The district court merely exercised its wide latitude to place more emphasis

---

[3]In his brief before this Court, Kirchoff claims that the district court erred because it "did not adequately explain why [he] should be given a sentence of 176 months for [an] offense that merited 27 months even at the high end of his original Guideline range prior to the career criminal enhancement." Because a Guidelines sentence of 27 months was never at issue in this case and Kirchoff did not receive a career criminal enhancement, we reject this contention.

on the aggravating factors than on the mitigating factors identified by Kirchoff.  <u>See</u>
<u>Bridges</u>, 569 F.3d at 379.

 Finding no error, we affirm Kirchoff's sentence.

     _____