# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3016
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Antonio Davison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 15, 2022
Filed: July 25, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Michael Antonio Davison pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). In calculating the applicable United States Sentencing

Guidelines range, the district court[1] added a two-level enhancement for possession of a weapon in connection with a drug trafficking offense. With a total offense level of 43 and a criminal history category of VI, the district court noted that the Guidelines recommended life imprisonment. Declining to sentence Davison to life imprisonment, the district court varied downward and sentenced him to two concurrent 320-month terms of imprisonment and two concurrent 5-year terms of supervised release. Davison appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Davison asserts that the government failed to prove that the firearm he possessed "was physically near drugs or a drug transaction." In other words, he argues that the government did not prove that he "possessed a firearm in the vicinity of drug trafficking activity," as required for the application of a two-level, USSG § 2D1.1(b)(1) enhancement. We review the district court's factual findings supporting its application of the enhancement for clear error, United States v. Brewer, 624 F.3d 900, 907 (8th Cir. 2010), giving great deference to the district court's findings as to witness credibility, which are "virtually unassailable on appeal," United States v. Denton, 434 F.3d 1104, 1114 (8th Cir. 2006) (citation omitted).

"Section 2D1.1(b)(1) mandates a two-level enhancement if the [g]overnment can prove by a preponderance of the evidence that the defendant possessed 'a dangerous weapon (including a firearm)' while violating 21 U.S.C. § 841(b)." United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005) (quoting USSG § 2D1.1(b)(1)). "In order for the enhancement to apply, the government must establish two things: '(1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense.'" United States v. Young, 689 F.3d 941, 946 (8th Cir. 2012) (citation omitted). A defendant possesses a firearm for purposes of USSG

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

§ 2D1.1(b)(1) if he "exercised 'ownership, dominion, or control' either over the firearm or the premises on which it [was] found." United States v. Payne, 81 F.3d. 759, 762 (8th Cir. 1996) (citation omitted). Under USSG § 2D1.1(b)(1), "[t]he government bears the burden of proving by a preponderance of the evidence that the firearm was present and was probably connected to the drug charge. To carry its burden, the government need only prove a temporal and spatial nexus among the weapon, defendant, and drug-trafficking activity." United States v. Torres, 409 F.3d 1000, 1003 (8th Cir. 2005) (citation omitted).

We disagree with Davison's argument and hold that the district court did not clearly err in finding that he possessed at least one firearm in connection with a drug offense. First, as part of the factual basis for the plea agreement, Davison admitted, as pertinent here, that, during 2017 and 2018, he and others conspired to distribute methamphetamine in the Burlington, Iowa area, he recruited additional conspiracy members, he held decision-making authority within that conspiracy, he maintained a premises (at 417 Summer Street in Burlington, Iowa) for the purpose of storing and distributing methamphetamine, and he gathered individuals at the 417 Summer Street residence for the purpose of distributing methamphetamine. Additionally, law enforcement officers conducted multiple controlled purchases of methamphetamine from the 417 Summer Street residence during the relevant period.

Further, at sentencing, the government presented testimony from a confidential source, given before a grand jury, in which the source explained that from January to April 2018, that source lived at the 417 Summer Street residence. During that time, the source witnessed Davison engaging in drug trafficking activities at the residence. These activities included the procurement and storage of methamphetamine in the residence, the division of larger quantities of methamphetamine into smaller quantities for the purpose of distribution, and the sale of methamphetamine. The source further testified that on one occasion, Davison was in possession of a black handgun and asked the source "to put it up." At sentencing, the government

explained that "to put it up" meant that Davison was asking the source "to basically hide it in the residence." The source complied with Davison's request by taking the handgun from Davison and placing it in a basket in a closet. Detective Adam Plein of the Southeast Iowa Narcotics Task Force testified at sentencing and attested to the source's credibility, explaining that he was personally familiar with the source, he had personally met with the source, and law enforcement had obtained additional information corroborating the source's narrative, including information from other cooperating individuals and information obtained through surveillance. Detective Plein explained that he believed that the source had "provided reliable information." The district court found that the source's testimony was "exceedingly detailed" and credible.

Ultimately, this evidence supports the district court's finding that Davison possessed a handgun in connection with, both spatially and temporally, the drug trafficking activity that he was engaged in at the 417 Summer Street residence. To the extent that Davison challenges the confidential source's credibility, "[i]t is well settled that a district court's assessment of a witness' credibility is a judgment call and 'virtually unassailable on appeal.'" United States v. King, 518 F.3d 571, 575 (8th Cir. 2008) (citation omitted); see also Denton, 434 F.3d at 1114 (explaining that "issues of credibility are within the discretion of the district court and [are] 'virtually unassailable on appeal'" (citation omitted)). Therefore, we find that the district court did not abuse its discretion in applying the two-level enhancement pursuant to USSG § 2D1.1(b)(1). See United States v. Elodio-Benitez, 672 F.3d 584, 586 (8th Cir. 2012) ("[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." (citation omitted)).

For the foregoing reasons, we affirm Davison's sentence.

_____