# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3603
_____

United States of America

*Plaintiff - Appellee*

v.

Sam Hansen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 13, 2022
Filed: July 27, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Sam Hansen was charged in a superseding indictment with one count of conspiracy to distribute tetrahydrocannabinol (THC), five counts of money laundering, one count of possession of THC with the intent to distribute, and one count of possession of marijuana with the intent to distribute. Pursuant to a plea agreement, Hansen pled guilty to one count of conspiracy to distribute THC, one

count of money laundering, and one count of possession of marijuana with the intent to distribute. The district court[1] sentenced him to a term of 192 months imprisonment, consisting of 132 months imprisonment for conspiracy to distribute THC and 132 months imprisonment for money laundering (to run concurrently), in addition to 60 months imprisonment for possession of marijuana with the intent to distribute (to run consecutively). Hansen now appeals, contending that his sentence is substantively unreasonable. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Joshua Hendrickson hatched a scheme to distribute THC vape cartridges that he created under the label "Straight Fire." Hendrickson shipped the necessary materials, including the THC, via the United States Postal Service to Hansen's residence in Des Moines, Iowa, where Hansen and his co-conspirators assembled the cartridges, filled them with THC, packaged them, and then distributed them. Hansen also handled money received for the THC vape cartridges. On July 31, 2019, law enforcement officers executed search warrants on the residences of members of the conspiracy, including Hansen's. In Hansen's residence, officers found over 1,000 grams of marijuana and over 2,000 grams of THC. THC was also found in the homes of other conspirators. As the investigation continued and while Hansen was on pretrial release, law enforcement officers executed a second search warrant on Hansen's residence and found more marijuana, along with cash.

At sentencing and in accordance with the presentence investigation report drafted by the United States Probation Office, the district court found that 33,677 grams of THC was attributable to Hansen. Relying on the United States Sentencing Guidelines Drug Conversion Tables (which provide that 1 gram of THC equals a converted drug weight of 167 grams), the district court found that a converted drug

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

weight of 5,624.06 kilograms of THC was attributable to Hansen. The district court also found that 21,348.1 grams of marijuana, or 21.35 kilograms of converted drug weight, was attributable to Hansen. Accordingly, the district court found that, under the Guidelines, a total converted drug weight of 5,645.41 kilograms was attributable to Hansen. The district court used this amount of converted drug weight in calculating the Guidelines sentencing range applicable in Hansen's case. Ultimately, the district court calculated a total offense level of 35 and a criminal history category of III, resulting in a Guidelines range of 210 to 262 months imprisonment.

In this appeal, Hansen asserts that his sentence is substantively unreasonable. We apply a deferential abuse-of-discretion standard to a challenge that a sentence is substantively unreasonable, and we "take into account the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (citation omitted). "A district court has substantial discretion in determining how to weigh the § 3553(a) factors," United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012), meaning that it may "assign some factors greater weight than others in determining an appropriate sentence," United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). "The district court need not thoroughly discuss every § 3553(a) factor; rather, a district court must make it clear on the record that it has considered the factors in making a decision as to the appropriate sentence." United States v. Leonard, 785 F.3d 303, 307 (8th Cir. 2015) (per curiam). Finally, "[a] sentence below or within the Guidelines range is presumptively reasonable on appeal." United States v. Barraza, 982 F.3d 1106, 1116 (8th Cir. 2020) (citation omitted); see also United States v. Elodio-Benitez, 672 F.3d 584, 586 (8th Cir. 2012) ("[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable

that the court abused its discretion in not varying downward still further." (citation omitted)).

Hansen does not argue that the district court abused its discretion in weighing the § 3553(a) factors in his case. Further, in imposing a below-Guidelines sentence in this case, the district court expressly considered the § 3553(a) factors, discussing in depth the fact that: Hansen participated in "a large-scale, very sophisticated drug trafficking enterprise with international sources, shipments across the country, huge dollar amounts, $1.8 million of activity . . . and multiple locations"; the conspiracy occurred over an extended period of time; Hansen's home was "a veritable distribution center"; a large sum of money was found on Hansen's person; and, in a Snapchat conversation, Hansen made light of the seriousness of the criminal activity in which he was participating and the deaths that could result. The district court also discussed the fact that Hansen continued his criminal conduct while on pretrial release. Finally, the district court expressly considered Hansen's criminal history, as well as his community and family support.

Hansen's primary argument on appeal is that the United States Sentencing Commission has not explained the reasons supporting the Guidelines ratio of THC to converted drug weight of 1:167; there is no scientific basis for the ratio; the ratio should be much lower; and the district court erred in following the Guidelines THC conversion ratio. At sentencing, Hansen supported this argument with the testimony of a chemical engineer who testified that there is no scientific basis for the 1:167 ratio and it should be lower. In response, the government offered expert testimony in support of the Guidelines THC conversion ratio. The district court considered the matter and declined Hansen's request to reject the Guidelines THC conversion ratio.

In essence, Hansen argues that the district court should have granted a further downward variance based on a disagreement with the policy behind the Guidelines THC conversion ratio. "However, it is not our 'proper appellate role' to compel a

district court to diverge from the Guidelines in accordance with a defendant's proffered policy reasons." United States v. Wickman, 988 F.3d 1065, 1068 (8th Cir. 2021) (citation omitted). "'[W]hile a district court may choose to deviate from the [G]uidelines because of a policy disagreement,' it is 'not required to do so.'" United States v. Heim, 941 F.3d 338, 340 (8th Cir. 2019) (citation omitted). We find no error in the district court's decision not to "deviate from" the Guidelines THC conversion ratio and ultimately conclude that the district court did not abuse its discretion in imposing a below-Guidelines sentence. See Elodio-Benitez, 672 F.3d at 586 ("[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." (citation omitted)).

Accordingly, finding no abuse of discretion, we affirm Hansen's sentence.

_____